THOMAS SELLMAN V. PETER LEE.

(Case No. 4346.)

1. PLEADING IN TRESPASS TO TRY TITLE.— An answer in trespass to try title which asserts defendant's claim to an undesignated portion of the land sued for, is bad for vagueness and uncertainty. Under such an answer, if the defendant should be defeated in the action, and he should sustain his defense of permanent and valuable improvements made in good faith on the land sued for, no decree could be entered in accordance with the statute.

2. JUDGMENT.— A judgment in trespass to try title, which authorizes a defendant who has been defeated in the action, but who has established the making in good faith of permanent and valuable improvements, to designate at a future day the location of an undescribed portion of the land recovered, which he claimed in good faith, and which was not designated with certainty in his answer, is not warranted by the statute.

3. PRE-EMPTOR — SETTLER IN GOOD FAITH.— One who settles upon what he believes to be public domain, with an honest belief that he is entitled to acquire the land occupied by him as a pre-emptor, is entitled to pay for improvements made during such occupancy.

APPEAL from San Saba. Tried below before the Hon. W. A. Blackburn.

Action of trespass to try title to six hundred and forty acres of land, brought by appellant, Thomas Sellman. Appellee answered with a plea of "not guilty," and attempted to set up title to one hundred and sixty acres out of the said six hundred and forty, designating it only as one hundred and sixty acres, to include his improvement, claiming the same as a pre-emptor; also pleading improvement in good faith on the one hundred and sixty acres, to the amount of $400. Appellant obtained judgment as to title to the land, but appellee was adjudged to be a possessor in good faith of an undefined one hundred and sixty acres thereof, to be thereafter designated by him, and the improvements thereon were valued at $150; the one hundred and sixty acres (so to be designated by appellee) was, when taken apart from the improvement, adjudged to be valueless. It was further adjudged that should appellant fail to pay for the improvements within twelve months, the title to said one hundred and sixty acres should vest absolutely in appellee. Appellant moved for new trial, and, the same being overruled, gave notice of appeal.

*John C. Townes*, for appellant.

*John B. Rector*, for appellee.

MOORE, C. J.— It is incumbent upon the defendant who is sued for land, to distinctly state in his answer the extent of his possession or claim; otherwise his answer will be an admission for the purpose of the action that he is in possession of the premises sued for, or that he claims title thereto, at the commencement of the action.  R. S., arts. 4794–4805.

Appellee, the defendant below, by his answer limited his claim of possession to an undesignated one hundred and sixty acres of the six hundred and forty acres of land for which he was sued.  This answer was therefore evidently defective, and if exception had been taken to it for its vagueness and uncertainty, it should have been sustained.  And though no exception was made to the answer, its defects have obviously led to a fundamental error in the judgment, which would require its reversal had appellant even failed to assign such error.  To maintain his claim for improvements, a defendant must give *prima facie* evidence of the affirmative facts, proof of which are required to support the claim.  His suggestion must be sufficient to notify the plaintiff and afford him a fair opportunity to controvert his claim, if he desires to do so; and to enable the jury to return a verdict upon the several matters upon which the statute requires a finding, so that a proper decree may be made by the court.

The jury are required to find the value of the improvements made during the time the defendant is in possession, "not exceeding the amount to which the value of the premises is actually increased thereby."  Also they must find the value of the use and occupation of the premises during the time of his occupancy, and the value of the premises recovered, without reference to the improvements for which defendant is entitled to claim compensation.  Evidently it is impossible that evidence could be intelligibly addressed to these several points, or that the jury could fairly find upon them, without it is made to appear

what premises the defendant claims to have held. The determination of the additional value added by the improvements can only be ascertained by a determination of the value of the premises claimed by the defendant, and not by determining the value of some indefinite number of acres of land including the improvements. As a necessary result, the court found it impossible to make a decree conformable to the statute. The judgment rendered gives the defendant (appellee here) the right to designate at a future day the premises in dispute, which clearly is not warranted by the statute. The judgment as rendered is void for uncertainty. And if appellant fails to pay within twelve months the additional value given by the improvements to this undesignated one hundred and sixty acres of land, the right is given to appellee to lay it off as he sees fit, without any compensation whatever being made for it to appellant. And this simply because appellant did not introduce evidence of the value of undesignated land to be afterwards selected and defined by appellee. To sanction such a judgment would violate both the letter and spirit of the statute as well as the plainest rule of equity.

In regard to appellee's right to compensation for improvements because of his settlement upon the public domain, we will merely say that we see no reason, if his settlement was made in good faith and with honest intent and belief that he was entitled to acquire the land under the pre-emption laws, why he should not be entitled to pay for improvements thus made during the time he was an occupant in good faith.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered June 21, 1881.]