## E. H. & Wm. Thompson v. M. H. Comstock et al.

(Case No. 4700.)

1. Improvements in good faith.— A party claiming in trespass to try title the value of improvements made on the land, must set up, as he would any other fact, his claim for improvements, and set forth specifically the ground on which that claim is based. A general informal suggestion to the court, that he has made permanent and valuable improvements, and was a possessor in good faith, which was sufficient under a former statute, will not comply with the law. R. S., art. 4813.

2. Improvements — Possessor in good faith.— A defendant who had been sued for title and possession of a school section of land, which had been purchased by the plaintiff, pleaded that he was "informed by the county surveyor of the county where the land was situate, that it was vacant public domain;" that he filed upon the same, as a pre-emptor, established his home, made valuable improvements thereon, and procured survey and field notes thereof to be forwarded to the general land office; that afterwards learning his mistake, he applied to purchase the same from the state as a school section. On this statement he set up possession in good faith, and claimed compensation for improvements. *Held*,

    (1) That proof of all the facts alleged would not sustain a plea of good faith.

    (2) The plea under former decisions would have been good had it shown that he was an occupant without knowledge, or the means by the use of ordinary diligence of learning, that the land was not public domain. Citing Sellman *v.* Lee, 55 Tex., 322; Powell *v.* Davis, 19 Tex., 382.

3. Same. — The following decisions referred to as furnishing a proper guide for instructions in such cases: French *v.* Grenet, 57 Tex., 273; Sartain *v.* Hamilton, 12 Tex., 220; Hill *v.* Spear, 48 Tex., 583; Dorn *v.* Dunham, 24 Tex., 380; Hutchins *v.* Bacon, 46 Tex., 409.

4. Hearsay.— A defendant sued for land to which the plaintiff had acquired title before the defendant attempted to secure the same as a pre-emptor, cannot give in evidence declarations of the surveyor and commissioner of the general land office in regard to his pre-emption claim.

Appeal from Wise. Tried below before the Hon. C. C. Potter.

Suit by appellants for six hundred and forty acres of school land purchased by them. Answer of not guilty, and suggestion of improvements made in good faith. The answer as to improvements and possession in good faith was as stated in second subdivision of syllabus. Verdict and judgment for appellants, and for defendant the value of his improvements. The initial step taken by appellee to pre-empt the land was after the purchase of it by appellants from the state as a school section.

*T. J. Wyatt*, for appellants.

No briefs for appellee on file.

West, Associate Justice.— There is no question raised as to appellants' right to the land. Their title is conceded by the appellees

to be good. The only question, then, is, shall the judgment in favor of the appellee, M. H. Comstock, for the value of his improvements, stand?

Special exceptions were taken to that portion of the pleadings of appellees which alleged the making of these improvements in good faith. The Revised Statutes, art. 4813, changed the old law. Formerly (Hart. Dig., art. 3227; Pasch. Dig., art. 5300), on this subject, no formal pleading was necessary. All that was required of the defendant was for him, at any stage of the cause before the first trial, to merely suggest to the court in an informal manner the fact that he was a possessor in good faith, and had made valuable improvements. Now he is required to allege and set up in the course of his pleadings, as other facts are alleged, his claim for improvements, and is also required to state the special grounds on which this claim is based. R. S., art. 4813; Powell v. Davis, 19 Tex., 382.

The averments on that subject in this case are not as full and specific as they ought to be, as to the special grounds on which the appellees based their claims for compensation for improvements. The facts as to how and in what manner the mistake of putting improvements on the land of another occurred should be specially pleaded and proved. The mere averment that the surveyor of Wise county, on 3d of May, 1875, informed the appellees that the land was vacant domain, will not do. Something more than this must, in this case at least, be stated. All the grounds upon which the appellees rely to show good faith should be set out in the pleadings. No facts can be proved except those that support the allegations, and the proof of all the facts here alleged would not sustain the plea of good faith; hence the court erred in overruling the special exceptions of appellants. Powell v. Davis, 19 Tex., 382.

This court has intimated, more than once, that upon sufficient proof that a settlement was made in good faith, and with honest intent and belief on the part of the settler, he was entitled to acquire the land under the pre-emption laws; that such a person was entitled to pay for improvements thus made during the time he was such an actual occupant without knowledge, or the means by the use of ordinary diligence of learning the fact that the land was not public domain. Sellman v. Lee, 55 Tex., 322; Powell v. Davis, 19 Tex., 382.

The evidence introduced is not sufficient of itself alone to show the appellee M. H. Comstock to be a possessor in good faith. This want of fuller evidence probably grew out of the defective averments on this subject that were held by the court to be sufficient.

This view of the case, as well as the law, on the subject of mis-

take in taking possession of the land of another, as laid down by this court, so far as applicable to the facts of this case, should be given in charge more fully to the jury than was done.

The following authorities will furnish a safe guide to the court in framing its charge, so as to present fairly the question of good faith as raised in the pleadings: French v. Grenet, 57 Tex., 273; Stewart v. Kemp, 54 Tex., 252; Sartain v. Hamilton, 12 Tex., 220; Hill v. Spear, 48 Tex., 583; Dorn v. Dunham, 24 Tex., 380; Hutchins v. Bacon, 46 Tex., 409.

On the subject of improvements, put by mistake upon the land of another, this court, in the Heirs of Gatlin v. Organ, 57 Tex., 13, lays down the following rule on the subject of good faith: " As a general rule, a defendant who does not assail the validity of the plaintiff's title to the land is not entitled to recover the value of improvements upon the ground that he had mistaken the boundary line, and in this way put improvements upon the plaintiff's land instead of his own, if, by the exercise of due care, the true boundary could have been known.  But if the evidence should show, in such a case, that the mistake was not caused by the party's negligence, or that the plaintiff knowingly stood by and permitted the mistaken defendant to make valuable improvements upon his land without giving him notice of his claim, then the defendant would be entitled to compensation for the excess in value of the improvements over the value of the use and occupation of plaintiff's land."

In view of another trial, we deem it proper to say that the appellee, M. H. Comstock, was allowed over the objections of the appellants to detail to the jury conversations that he had in the year 1874 with the county surveyor of Wise county and the commissioner of the general land office on the subject of his pre-emption claim.  This evidence seems to be hearsay; the county surveyor and the commissioner of the general land office, if the testimony is admissible, would seem to be the witnesses.

In H. & T. C. R. R. Co. v. Burke, 55 Tex., 338, a witness testified positively to the value of certain paintings; on cross-examination it was developed that he had learned their cost from a conversation with his father.  This court held that the evidence should have been excluded on a motion made to that effect.

The judgment is reversed and the cause remanded.

Reversed and remanded.

[Opinion delivered April 27, 1883.]