# MARTHA E. BRUTON v. J. C. GRIFFITH.

IN SUPREME COURT, AUSTIN TERM, 1884.

*Homestead Rights—Abandonment.*—A voluntary and mutual abandonment, by both the wife and the husband, of their marital relations, rights and duties, will of itself work a forfeiture of all claim by them to the property as a homestead.

Appeal from Parker county.

Jasper N. Haney, for appellant.

Lanham & Stephens, for appellee.

West, J.: There are no bills of exceptions to be found in the record. The case being tried by the presiding judge without the aid of a jury, there is, as a matter of course, no charge of the court, or any record of instructions, given or refused.

The judge was not asked by either party to place on record his conclusions of fact, and of law. As a consequence we have only the final judgment in the case, rendered in the usual form, and in general terms, against appellant, together with a statement of facts, prepared by the judge, after the parties had disagreed on that matter.

The errors assigned are several in number, but they are in every instance so vague and general in their character, that it is very doubtful whether any of them, in the present state of the record before us, ought to be, or could be considered at all. All of them are in fact abandoned, except the fourth and fifth assignments of error. These two in fact constitute but one, and do not point out clearly and specifically as should be done in every case, the precise ground of error relied on, as constituting a cause or reason for demanding a reversal of the final judgment.

We have, however, examined the record very carefully, and feel satisfied that no material error was committed in the final disposition of the case, and that the justice of the case was in fact reached, and the law properly applied to the facts in evidence. The court found, and there is sufficient evidence to justify the court in so finding, that the parties for reasons satisfactory to themselves, concluded to abandon their homestead, if they had in fact acquired one, to the land in litigation.

There was evidence from which the court could and evidently did,

conclude that after moving from the land in question, and establish-
ing their home upon another tract, that the appellee and her hus-
band agreed to sevarate from each other, and in pursuance of this
understanding divided their property between them, and afterwards
lived apart from each other from that time until the present. This
voluntary and mutual abandonment by both the wife and the hus-
band, of their marital rights, duties and relations, would of itself
work a forfeiture of all claim by them to the property as a home
stead.

Homestead rights are not accorded to wifes who abandon their
husbands. (Collins v. Atkinson, Tyler term, 1883). Nor are they
or should they be allowed in cases where the parties agree to aban-
don each other, and do in fact in pursuance of such agreement, live
apart from each other for years, as was done in this case. (Jordan
v. Goodman, 19 Texas, 273; Earl v. Earl, 9 Texas, 633; Woodfolk v.
Richetts, 41 Texas, 364; 20 Texas, 98; Cline v. Upton, 59 Texas; 27
same case; 56 Texas, 319—59 Texas, 319).

There is no error in the judgment of the district court, and it is
accordingly affirmed.