No. 5952.

A. B. GAITHER v. E. G. HANRICK.

1. EVIDENCE—AUTHENTICATED CERTIFIED COPIES.—A pencil memoranda endorsed on a paper writing attached to what purported to be an original grant of land from the government, and which was found in the general land office, but the genuineness of which grant was attacked, which

memoranda, among other things, declared that the grant was genuine, is not admissible in evidence to show the validity of the title. A copy of such memoranda, certified to by the Commissioner of the General Land Office, is not admissible in evidence under articles 2252 and 2253, Revised Statutes. as the copy of a document found in his office.

2. EVIDENCE.—In a contest between a locator and the plaintiff, the latter claiming under prior grant, and whose title is attacked as a forgery, it being shown that a title older in date had been extended to the original grantee in such prior grant, for all the land he was entitled to, and which was situate in another county, it is not admissible for the plaintiff to show that all the land covered by such older grant had been located subsequently, and patented to other parties.

3. EVIDENCE—JOINT TENANTS.—In trespass to try title, a joint owner, though he claims in his petition exclusive ownership of the land, may, though he be but a joint owner with others, recover as against a stranger, and in such a case it is not competent for the defendant to show plaintiff's joint interest to defeat the action, when defendant claims no title under the other joint owners.

4. IMPROVEMENTS—SETTLER IN GOOD FAITH.—If one has good reason to believe that titled land is vacant and unappropriated public domain, and, having the requisite qualifications of a pre-emptor, settles upon and improves it, and without such fault in his settlement and occupancy as would vitiate the good faith thereof, on eviction, he will be entitled, under the terms of the statute, to compensation for his improvements.

5. SAME.—One may be a possessor in good faith who knows of the claim of title by another, if he has reasonable and strong grounds to believe in the soundness of his own title. As a general rule, to constitute one a possessor in good faith, he must not only believe that he is the true owner and have reasonable grounds for that belief, but he must be ignorant that his title is contested by one having a better right.

6. EVIDENCE.—One claiming pay for improvements as a possessor in good faith may show that he possessed the premises and improved them, after a decision by a court of competent jurisdiction pronouncing the adverse title a forgery.

7. PRACTICE.—The Supreme Court will affirm a judgment on issues of fact not submitted to a jury on the trial, when material errors, in regard to other issues, have been committed.

APPEAL from Falls. Tried below before the Hon. Eugene Williams.

This suit was brought by E. G. Hanrick, in form of trespass to try title, against A. B. Gaither, for a tract of land in Falls county, on tenth of August, 1883, describing it by metes and bounds, and alleging that said tract was a part of a survey of eleven leagues, granted to Rafael de Aguirre. The defendant answered by general denial, not guilty, and specially that R. M. Breuer,

possessing all of the necessary qualifications, had, in August, 1876, pre-empted said tract of land, and that said Breuer afterwards sold to defendant for a valuable consideration; and that defendant had ever since occupied it as his homestead, also seting up lasting and valuable improvements made on the place in good faith by said Breuer and defendant to the amount of $1740, praying for value of improvements in case the suit should be decided adversely. Defendant also filed an affidavit of forgery to an instrument of writing dated October 22, 1833, purporting to be a grant by the government of eleven leagues of land to Rafael de Aguirre; also to the paper purporting to be a power of attorney from Rafael de Aguirre to Sam M. Williams, dated May 5, 1832. The trial resulted in a judgment for the plaintiff, allowing nothing to defendant for improvements. In addition to the usual averments in a suggestion of valuable improvements in good faith, there were the following charges: "Defendant further alleges that at the time he bought said premises and made said improvements, he was informed and believed that said land was vacant and unappropriated public domain, and subject to pre-emption; that although said land was claimed by the plaintiff in this suit, under and by virtue of the so called Aguirre grant, defendant was informed and did believe that said grant was a forgery and therefore null and void; and defendant alleges that said grant had been so adjudged in a suit in Williamson county styled Hanrick v. Cavanaugh, which judgment was affirmed by the Supreme Court." Defendant, on the trial, offered to testify substantially to the facts set forth in his plea for improvements made in good faith. Said testimony was excluded, and exception taken and assigned as error. The evidence relied on by defendant to establish the forgery was largely circumstantial. It was in evidence, on behalf of plaintiff, that the tract of land in controversy was originally settled by Sam Hines prior to 1875, under a contract of sale from E. J. Gurley, an agent of plaintiff. Hines sold to R. M. Breuer, he having knowledge that Hines held under a contract of purchase from Hanrick, and had not paid for the land, and that Breuer also held under Gurley as the agent of the plaintiff, under a contract of purchase, Breuer never having disclaimed holding under Gurley. It was also in evidence that about five years before the trial of this case Gurley made demand of the defendant Gaither for payment of the land, and that defendant excused himself on account of bad crops. It was also proven that the

first settlement on the league was in 1858, that it was made for plaintiff Hanrick, that he had been in possession ever since, and that he had paid taxes on the league from that time on. ˙There was evidence in behalf of defendant that he bought out R. M. Breuer's pre-emption about nine years before, paying therefor one thousand dollars, and that he had occupied the land as a homestead ever since. Defendant denied ever having an arrangement with Hanrick or Gurley to buy the place; but said that they came to his house on one occasion and demanded pay for the land. It was also in evidence that there was a period of about six months in the year 1882 or 1883 that there was no one living on the league as a tenant for Hanrick, the tenant having moved off in the spring and no one taking his place till midsummer. The original title under which plaintiff claimed ˙was in the Spanish language, and the main question in the case was whether that title was a forgery.

*Martin & Dickinson,* that the admission in evidence of the pencil memoranda on the paper grant was error, cited Hanrick v. Cavanaugh, 60 Texas, 24; Railroad v. McGehee, 49 Texas, 489; Hollingsworth v. Halshausen, 17 Texas, 49, 51; Hanrick v. Dodd, 62 Texas, 90.

That the Commissioner of the General Land Office had no authority to create or annul titles to land by permitting locations on the same and issuing patent therefor, they cited Hollingsworth v. Halshausen, 17 Texas, 49, 51; Railroad v. McGehee, 49 Texas, 489; Hanrick v. Cavanaugh,˚ 60 Texas, 27; Hanrick v. Dodd, 62 Texas, 90; that the certificate was not competent evidence, Revised Statutes, art. 2253; Buford v. Bostick, 50 Texas, 63; that the error is sufficient cause for reversal, Ross v. Kornrumpf, 64 Texas, 396.

˙That good faith or not, under a plea in trespass to try title setting up improvements made on the land in controversy, is a question of fact to be passed on by the jury and not by the court; and the plea in this case was sufficient to admit proof of its allegations, they cited Thompson v. Comstock, 59 Texas, 318; Sellman v. Lee, 55 Texas, 322; French v. Grenet, 57 Texas, 278, 280; Railroad v. Thurmond, 5 Texas Law Review, 763; House v. Stone, 5 Texas Law Review, 789, 792.

*Goodrich & Clarkson,* for appellee: On their proposition that the Commissioner has power to certify to any fact or facts con-

tained in the records of his office, cited Revised Civil Statutes, article 2253.

That the court did not err in refusing to permit the defendant to testify as to his claims for improvements in good faith, they cited Thompson v. Comstock, 59 Texas, 318.

That the court did not err in allowing plaintiff to read in evidence to the jury the certified translated copy of the title issued to Rafael de Aguirre, they cited Revised Civil Statutes, article 2252; Hanrick v. Cavanaugh, 60 Texas, 27; Hanrick v. Jackson, 55 Texas, 17; Franklin v. Tiernan, 56 Texas, 626; Revised Civil Statutes, article 2265.

That the affidavit of forgery could have no effect upon said copy as an instrument of evidence; if of any effect, it was simply a special plea to be supported by affirmative evidence, they cited Hanrick **v.** Cavanaugh, 60 Texas, 16; Cox v. Cock, 59 Texas, 524.

MALTBIE, JUDGE.   The plaintiff offered in evidence the translated copy of the title to Rafael De Aguirre to the land in controversy.   On the first leaf or page of said certified copy there appear the following words and figures:

"Title in favor of Rafael de Aguirre for 11 leagues of land, 10 of which are situated on San Jani C. and Williamson's creeks, and one league on Cow bayou, west side of Brazos, issued by T. Lessessier, alcalde of San Felipe, October 22, 1829."   Written in pencil:   "This is the genuine title to Rafael de Aguirre— the name Perfecto Valdez inserted through mistake.   J. P. B." Also in pencil.   "See Mr. Borden's letters, file 3636.   Refer to title to Rafael de Aguirre on west of Brazos, Note 1."   The above is a true copy of the memoranda attached to the title, which was objected to on the ground that the page or leaf was no part of the title issued by the officers of the government, but a memoranda made by some person unknown, at an indefinite time, expressing the opinion or conclusion of such person upon the issue now being litigated—that is, as to whether the Aguirre title is genuine, and because the Commissioner could not validate the title, if a forgery, by an order or ruling, and said evidence was calculated to mislead the jury—which objections were overruled, and the point saved, and is now assigned as error.

The evidence objected to was the declaration of some unknown person, expressing an opinion as to the validity of the Aguirre grant, and in the nature of hearsay testimony;

being read in connection with and as a part of the title, was calculated to influence the jury in determining whether the Aguirre grant was genuine or a forgery and was clearly inadmissible. A very similar question was considered in the case of Hanrick v. Cavanaugh, 60 Texas, 24. This ruling is attempted to be sustained under articles 2252, 2253, Revised Statutes. On the ground that the Commissioner of the General Land Office is authorized to certify to a copy of any document or record in his office, and also to certify to any fact contained in the records of his office. But said articles provide that the facts certified by the Commissioner shall be in evidence in all cases in which the originals would be; thus evincing no intention to extend the rules of evidence, so as to make evidence admissible that was before inadmissible under the rules of the common law. The statute providing the means of authenticating copies of documents in all cases when it was not for any reason proper or convenient to take the original out of the office; and also for authenticating copies of any indorsement in any book or file upon a paper, or any like fact, pertaining to a document or record in such office.

The plaintiff then offered in evidence a certificate of the Commissioner of the General Land Office, to the effect, that the eleven leagues represented on the map of McLennan county as having been titled to Rafael de Aguirre, October 4, 1833, had been located over an adverse location patented by virtue of valid certificates. This was objected to, substantially on the ground, that the certificate was not competent evidence of the facts sought to be proved, and was not the best evidence, and because the Land Commissioner, by permitting locations of valid certificates to be made on the eleven league grant in McLennan county, could not invalidate the old title thereto, if otherwise valid, and because it was calculated to mislead and confuse the jury. These objections being overruled defendant excepted, and has assigned the ruling of the court as error. We are of opinion that the evidence should have been excluded. (Rev. Stat., art. 2253; Buford v. Bostick, 50 Texas, 375; R. R. Co. v. McGehee, 49 Texas, 489; Hanrick v. Cavanaugh, 60 Texas, 24; Hanrick v. Dodd, 62 Texas, 90.)

It is next insisted that the court erred in refusing to permit defendant to prove that there were other joint owners to the land beside the plaintiff. The petition alleged that E. G. Hannick was the sole owner in fee of the land in question. Section 3, article 4786, Revised Statutes, requires that the petition shall state the interest claimed by the plaintiff in the premises; and if

he claims an undivided interest, he shall state the sum and the amount thereof. The plaintiff had fully complied with the statute, in setting forth his title; and the court did not err in refusing to permit the defendant to prove that there were other joint owners of the land beside the plaintiff, defendant not offering to connect himself with such title; if there were other joint owners, plaintiff would have been entitled to recover their interest as against a stranger. (Pilcher v. Kirk, 55 Texas, 208, and authorities cited.)

The fifth and last assignment which will be considered, is, that the court erred in refusing to allow defendant, under the pleadings in this case, to show that he was a possessor in good faith and the value of his improvements. It appeared that defendant bought out R. M. Breuer; that Breuer possessed all of the qualifications, and had taken the necessary steps to entitle him to pre-empt the land if it had been vacant public domain, and that defendant possessed the same qualifications, and had purchased Breuer's interest and was in possession, claiming as a pre-emptionist. The defendant's plea for valuable improvements in good faith was sufficient unless invalidated by the following averments: "Defendant says that he was informed and did believe that said land was vacant public domain, subject to pre-emption. That he knew it was claimed and held by plaintiff under the Aguirre grant, but that he believed that said grant was a forgery; that the district court had so held in the case of Hanrick v. Cavanaugh, and that the judgment had been affirmed by the Supreme Court."

Under this state of facts, defendant offered to prove all of the material allegations of his answer in support of his plea, but the same was excluded upon objection of plaintiff. Was the defendant in a condition under the facts and pleading to make good his claim for valuable improvements on the land? If the defendant had good reason to believe the land to be vacant, and settled upon it, with intent to acquire a title by pre-emption, he would be entitled to the value of his improvements made while he was thus an occupant, so believing, unless there was some fact connected with the settlement that would prevent the occupant from being a settler in good faith. (Thompson v. Comstock, 59 Texas, 319; Sellman v. Lee, 55 Texas, 322.)

One may be a possessor in good faith, who knew of the title of another, if he has reasonable and strong grounds to believe in the soundness of his own title. (Sartain v. Hamilton, 12

Texas, 222.) As a general rule, to constitute one a possessor in good faith, he must not only believe that he is the true owner, and have reasonable grounds for the belief, but he must be ignorant that his title is contested by one having a better right. But there may be cases when, though aware of an adverse claim, the possessor may have reasonable and strong grounds to believe such claim to be destitute of any just or legal foundation; and so be in possession in good faith. (Dorn v. Dunham, 24 Texas, 380.) In the Institutes of Asso & Manuel, good faith is said to consist in the possessor's believing that the person from whom he received a thing had a right to transfer it.

The defendant in this case knew of the claim of the plaintiff, but he also knew that the title had been declared by the district court of Williamson county to be a forgery, and that the judgment had been affirmed by the Supreme Court; and we are of opinion that these judgments of the district and Supreme Court would, to the mind of the ordinary citizen, be reasonable and strong grounds to believe that the plaintiff's title was invalid, and, as a consequence, the State would have the right to transfer the title to him, and think that the evidence should have been admitted. It is contended by appellee that the undisputed evidence shows that appellant entered upon the land in subordination to the right of appellee, and is estopped to dispute his title.

A sufficient reply is that the issue was not made and submitted to the consideration of the jury in the court below; and it affirmatively appears from the pleading and evidence that the jury in no event would have been called upon to determine this question unless appellee's title had have been found to be a forgery.

We know of no rule of law that would authorize the court, when there has been a jury trial, and material errors committed, to affirm a judgment when issues of fact that the parties have not submitted to the jury on such trial. Our conclusion is that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted November 22, 1887.

Chief Justice Willie did not sit in this case.