A. M. HOLSTEIN v. J. H. ADAMS ET AL.

No. 2605.

1. **Identity of Grantee Named in Deed.** — Plaintiffs introduced a deed and proved that they were heirs of a party of same name who had resided in Texas at the date of the deed, but who had subsequently died in West Virginia. *Held,* the sufficiency of proof as to the identity of the intestate with the grantee named in the deed can not be raised on appeal.

2. **Limitation — Break in Possession.** — A conveyance of a part of a tract of

which adverse possession was held before the conveyance and not followed by posses-
sion of the tract sold breaks the continuity of possession as to that sold.

3. **Improvements—Good Faith Possession.**—Defendant claiming the value of
improvements suggested "that he and P. H. Faison whose estate and under whom he
claims the lands described in plaintiff's petition have had adverse possession of the
same in good faith since the nineteenth day of August, 1875, about twelve years next
before the commencement of this suit, and that he has made permanent and valuable
improvements on same" of the value of $784 (giving items). There was no exception
to the claim. On the trial defendant offered to prove by himself and two other wit-
nesses "the value of the improvements he had made upon the land occupied by him
*  *  *  and that they were placed on the land in good faith." The testimony was.
excluded upon the objection that no sufficient predicate had been laid by the pleadings.
of the defendant. *Held:*

1. The suggestion of improvements not having been excepted to, it was error to ex-
clude testimony to support the claim; but,

2. The question of good faith is one of fact to be supported by testimony, and as the
bill of exceptions failed to show the exclusion of any testimony to such fact this court
can not reverse by reason of refusing the testimony of the witnesses "that the im-
provements were placed on the land in good faith."

4. **Improvements in Good Faith.**—The existence of good faith is a fact to be es-
tablished by evidence of other facts tending to show that the person asserting it at the
time he made the improvements on the land believed himself to be its owner, and had
grounds for such belief such as would ordinarily be satisfactory to one unlearned in the
law but of ordinary intelligence, after having made such inquiry as the law presumes
every person desiring to buy land would make, and as an ordinarily prudent man for
his own protection ought to make.

APPEAL from Fayette. Tried below before Hon. H. Teichmueller..
The opinion with the head notes states the case.

*Moore & Duncan,* for appellant.—1. The court erred in giving judg-
ment for plaintiffs in this: The land claimed by the plaintiffs was con-
veyed to one Daniel J. Adonis in 1858. The plaintiffs claimed to be the
heirs of one Daniel J. Adonis who lived and died in 1886 in Harrison
County, West Virginia. There was no proof whatever before the court,
going or tending to show that Daniel J. Adonis to whom the land in con-
troversy was conveyed and the Daniel J. Adonis under whom the plaintiffs.
claim was one and the same person, except identity in the name and
the fact that the party who died in West Virginia in 1886 moved to and
lived in Texas in 1858 at the time the deed bore date.

2. To constitute adverse possession there need be no fence or improve-
ments made, but it is sufficient for the appellant and those under whom
he claims to show that they have exercised visible and notorious acts of
ownership over the premises in controversy for the time required by law.
McDow v. Robb, 56 Texas, 158–160.

3. The answer of the defendant was good on a general demurrer. If
the plaintiffs intended to oppose the defendant in getting compensation
for his improvements erected in good faith they should have specially
excepted to the plea, but having failed to do this they could not after-

wards preclude the defendant from proving that issue. They have waived this defect in the pleading and are estopped from objecting to evidence sought to be introduced under it. Sayles's Pleading, sec. 86, and cases there cited.

4. The appellant's rights accrued to him before the present Revised Statutes were adopted. The pleadings of the defendant setting up improvements in good faith were sufficient under the law in force at the time their rights accrued. In trespass to try title when defendants took possession and made improvements before the Revised Statutes went into effect the rights of parties are fixed by previous laws. Miller et al. v. Moss et al., 9 S. W. Rep., 257.

*Osceola Archer,* for appellees.— 1. On identity from name, etc. Abbot's Trial Ev., 101.

2. There was a break in the possession by appellant which destroyed the claim by limitation of ten years. Read v. Allen, 63 Texas, 158; Rev. Stats., arts. 3195, 3218.

3. There being no sufficient pleadings claiming value of improvements there was no error in excluding proof of such value. Thompson v. Comstock, 59 Texas, 319; Sellman v. Lee, 55 Texas, 321; Elam & Stewart v. Parkhill, 60 Texas, 582.

4. Failure to except to a pleading which manifestly discloses no right in the party can not entitle the party to have testimony not tending to prove a defense to the action. Powell v. Davis, 19 Texas, 383; Patterson v. Goodrich, 3 Texas, 335; Ford v. Taggart, 4 Texas, 494.

STAYTON, CHIEF JUSTICE. — This action was brought by appellees to recover 125 acres of land, part of a larger grant. They show that Daniel J. Adonis acquired title to this land in 1858 through a regular chain of transfer from the sovereignty of the soil; and further, that a person of that name, whose heirs they are shown to be, died in West Virginia in 1886, having lived there for many years. They futher show that Daniel J. Adonis, through whom they claim, was in Texas about the time the deed to the person of that name was made.

There was no evidence tending to show that the person to whom the deed was made was not the same person through whom appellees claim, nor so far as the record shows was any question of identity made in the court below, but it is urged in this court for the first time that the judgment ought to reversed for want of further proof of identity. This proposition we can not assent to.

There were several defendants claiming different parts of the tract of land sued for, and judgment was rendered in favor of all of them except A. M. Holstein, who prosecutes this appeal, against whom a judgment

was rendered for so much of the land as he claimed through deed from N. C. Holstein and in his favor for the balance claimed by him.

Appellant was unable to deraign title to any part of the land from the sovereignty of the soil or from common source, and was compelled to rely upon limitation based on ten years adverse possession, which he pleaded.

It appears that P. B. Faison in 1875 was claiming under deed something over six hundred acres of land of which the land in controversy was a part, but it is not shown that he had title thereto.

In 1876 Faison gave bond for title to one hundred and one acres of the land in controversy to A. M. Holstein (appellant) and N. C. Holstein.

Whether this bond required a separate part of the one hundred and one acres to be conveyed to each of the Holsteins does not appear, but ·they having paid for the land in 1879 Faison by deed conveyed the north half to A. M. Holstein and the south half to N. C. Holstein.

The Holsteins were brothers, and after they contracted for the land moved on it in 1876 and made improvements, all of which were on the north half. They seem to have used the land in common and to have so continually occupied until Faison made to each of them deeds for separate parts in 1879.

Some time about the time these deeds were made N. C. Holstein began to make preparation to improve the south half which had been deeded to him, but the evidence justifies the holding that for a year or more after the deed to the south half was made to him no such possession thereof existed as is necessary to evidence an adverse holding.

In 1880 or 1881, however,·the facts existed which would evidence such a a holding, and so continued until this action was brought on June 27, 1887.

N. C. Holstein conveyed the south half to appellant in 1882, and it may be said that there has been such adverse holding of the entire one hundred and one acres as would support the plea of limitation for a period of ten years, except that there was a break in this holding as to the south half for a year or more after deed to N. C. Holstein.

The court below, evidently on account of this break in the possession of the south half, rendered judgment for that in favor of appellees, but against them as to the residue of the land claimed by appellant and the other defendants.

There was no error in this, for the ten years adverse possession was not shown to be continuous. The burden of proof in this respect rested on appellant.

Appellant sought to recover the value of improvements made on the land, and alleged his holding under Faison adverse possession for about twelve years before the bringing of this action; that in good faith he had made permanent and valuable improvements, which were specified and each item valued. The plea, however, did not further state the grounds of his claim to be a possessor in good·faith.

His plea for improvements was not excepted to, but when he proposed to prove the character and value of improvements made by him and his good faith, this was objected to on the ground that his pleadings did "not set forth any acts showing inquiries regarding the title to the land or any other acts showing good faith," and the objection was sustained and the evidence excluded.

The practice of calling in question the sufficiency of pleadings by objecting to evidence has been often condemned by this court, and it has been uniformly held that an objection to pleadings when thus raised will be overruled, unless giving to the plea a liberal construction it would be held bad on general demurrer. As said in Black v. Drury, 24 Texas, 292, "the party who seeks such an advantage by not excepting to the plea but by objecting to the admission of the evidence under it must expect that the plea will be taken and understood in its full force against him. He has waived the right to make special exceptions to it. If it be good on general demurrer and will sustain a verdict and judgment rendered upon it his objection can not prevail.   *   *   *   Under our system of pleading great liberality has uniformly been indulged in favor of pleading where no special exceptions have been made. General statements of fact and legal conclusions constituting parts of a plea have not been held to vitiate it upon general demurrer. This has been the ruling of this court where the question has been directly presented for adjudication."

The statutes regulating the pleading in cases in which compensation for improvements made on land is claimed now, as they did not before the adoption of the Revised Statutes, require that the grounds of the claim that improvements were made in good faith shall be stated. Rev. Stats., art. 4813.

How far and with what particularity the grounds on which the claim to good faith is made must be stated is not presented, but if the adverse party desires it he is entitled to a statement at least in a general way of the facts on which the claim to good faith is based. If these facts be not stated it is his duty and right by special demurrer to point out the want of particularity or fullness in statement, but if he fails to do this he must be deemed to have waived his right and to consent that the adverse party may introduce under any averment good on general demurrer evidence of every fact necessary to sustain his defense.

The plea in effect alleged a holding under a deed for many years, that this was in good faith, itemized the improvements and placed a value upon them and alleged that they were permanent in character.

The plea would have been good under the former law against any kind of exception, and we are of opinion was good under the law now in force on general demurrer. In the case of Thompson v. Comstock, 59 Texas,

318, cited in support of the ruling of the court below, special exceptions were filed and overruled.

While the ruling of the court excluding evidence on the ground on which the exclusion was asked was erroneous, the question arises whether the bill of exceptions shows that any injury to appellant resulted from the ruling.

It is not urged that the court ought to have rendered a judgment for value of improvements on evidence received, but that the court erred in excluding evidence.    Under well settled rules it must be made to appear in a bill of exceptions taken to the exclusion of evidence what the evidence was and that its exclusion may have influenced the judgment.

The bill of exceptions shows that appellant proposed to prove by his own evidence and that of two other witnesses that he had made the improvements alleged and that they were of the value stated in his plea, and further that they were placed on the land in good faith.

The bill is full as to the two items of evidence first named, but is it sufficient as to the last?   The witnesses would not have been permitted to state that the improvements were made in good faith, but would have been required to state the facts under which the possession was taken and held and the improvements made, and from the evidence thus given it would have been the province of the court or jury trying the case to determine as a fact whether good faith existed.

The bill of exceptions shows that the evidence was that of the appellant and two other named persons, and thus evidences the fact that by parol evidence he proposed to prove his good faith.   Such evidence often is necessary and proper on such an issue, but we are unable to know from the bill of exceptions that either of the witnesses would have stated any fact sufficient or tending to authorize a finding that the improvements were made in good faith.   The existence of good faith is a fact to be established in such cases by evidence of other facts tending to show that the person asserting it at the time he made improvements on the land believed himself to be its owner and had grounds for such belief such as would ordinarily be satisfactory to one unlearned in the law but of ordinary intelligence, after having made such inquiry as the law presumes every person desiring to buy land will make and as an ordinarily prudent man for his own protection ought to make.

The bill of exceptions not showing that either of the witnesses would have stated a single fact from which the court might have found good faith we cannot presume that they would.   The presumption is that the judgment is correct, and although the ground on which the court acted in excluding evidence may have been erroneous, this furnishes no sufficient reason for reversal of the judgment, unless it be shown that the evidence excluded was of such character as might have authorized or required a different judgment.

The bill of exceptions does not show this, and the ruling complained of must be deemed harmless error.

We find no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion January 22, 1889.