### G. J. CRUMBLEY ET AL. V. MRS. F. BUSSE ET AL.

#### No. 1321.

**1. Tax Deed—Uncertainty of Description.**

A tax deed reciting that the taxes were assessed upon abstract No. 884, being 320 acres granted to E. G., which was levied on, advertised and sold, but which conveys abstract No. 324, originally granted to E. G. in M. county, without giving further description, is void upon its face for want of description.

**2. Same—Five and Ten Years' Limitations.**

A tax deed void upon its face for want of description of the land cannot be used to support the five years' statute of limitation, nor, under the ten years' statute, can possession under such a deed be extended as a possession "taken under some written memorandum of title other than a deed which fixes the boundaries of the possession."

**3. Limitations—Joint Plea.**

Where in trespass to try title to 320 acres of land, the defendants claim separate interests of 160 acres by virtue of possession under the ten years' statute, but their pleas of limitation are joint, and fail to describe the particular part claimed by each, proof in support of the pleas is inadmissible.

**4. Plea of Improvements in Good Faith.**

A plea of improvements in good faith is defective if it fails to aver the grounds of good faith.

**5. Same—Void Tax Deed.**

A tax deed void upon its face will not support the plea of improvements in good faith.

APPEAL from McCulloch. Tried below before Hon. J. O. WOODWARD.

*W. R. Harris* and *Rudolph Runge,* for appellants.

*Walter Anderson,* for appellees.

COLLARD, ASSOCIATE JUSTICE.—Action of trespass to try title by appellees, Mrs. F. Busse, Alma Busse, Walter Busse, Paul Busse, Emil Busse and John Busse, against G. J. Crumbley, H. J. Crumbley and T. M. Crumbley, for 320 acres of land known as survey No. 203, patented to Ernest Giesecke, January 10, 1860, patent No. 324, Vol. 25, particularly described by metes and bounds in the petition which was filed July

27, 1893.    November 21, 1893, H. J. Crumbley and T. M. Crumbley answered by pleas, of not guilty, statute of limitation of five and ten years and claims for improvements in good faith.    None of the pleas or the claims for improvements described any particular part of the land sued for.

Plaintiffs, April 23, 1894, replied setting up coverture of Mrs. Busse during a part of the time of defendant's possession, and the minority of other defendants when the statute commenced to run, who are still minors.

April 24, 1894, a jury was waived and the case was tried by the court and judgment was rendered for plaintiffs, from which defendants H. J. and T. M. Crumbley have appealed.

Plaintiffs' title as shown by the evidence consists of

1.    Patent by the State to Ernest Giesecke, issued January 10, 1860, for the land sued for.

2.    Administration upon the estate of Ernest Giesecke, Harris County, Texas, by Theodore Giesecke, who filed inventory and bond Nov. 6th and 28th, 1859.    Petition to sell the land situated in Fisher & Miller's Colony.    Headright certificate possessed by Ernest Giesecke, filed January 20, 1860; order of sale by Probate Court granted to the administrator, January term, 1860, to sell the certificate of 320 acres of land in Fisher & Miller's colony at public outcry on credit of 12 months; report of sale by the administrator of 320 acres of land in Fisher & Miller's Colony granted to Ernest Giesecke as an emigrant, dated March 26, 1860, showing a sale of the land certificate of 320 acres of land in Fisher & Miller's Colony, to Frederick Giesecke for a valuable consideration; approval of the sale of all the interest, right and title of the estate to the certificate of 320 acres of land in Fisher & Miller's Colony, approval March term, 1860; deed of the administrator to Frederick Giesecke, date Nov. 28, 1860, conveying the estate's title to the 320 acres of land, designating the same and setting out in full the decree of confirmation of the sale.

3.    Deed from G. F. Giesecke, proved to be the same as Frederick Giesecke who bought the land at administrator's sale, to F. Busse, dated April 20, 1892, conveying the survey in suit.

4.    Mrs. Frederick Busse, one of the plaintiffs, is the surviving wife of Frederick, or F. Busse, deceased, to whom the land was sold by the administrator of estate of Ernest Giesecke, deceased.    Mrs. Busse and F. Busse were married the 1st of February, 1867; the land in suit was their community property; the other plaintiffs were children of the marriage, born, John, February 26, 1868;    Emil, November 10, 1872; Alma, February 26, 1876; Tol Busse, October 11, 1878; Walter, January 11, 1881.    There was another child born to them, Joseph Busse, born April 7, 1871, who died December 5, 1876.    None of the children were married.    The F. Giesecke, or G. F. Giesecke, was a brother of deceased, Ernest Giesecke, to whom the land was patented, and who died in Houston, Texas, in 1854.

No testimony was introduced by defendants. They offered testimony, but, upon objections to the same by plaintiffs, it was excluded.

Bill of exceptions No. 1, reserved by defendants to the ruling of the court, shows that defendants offered to read in evidence the following tax deed, dated July 11, 1878:

"The State of Texas, } ss.
"County of McCulloch. }

"Know all men by these presents: That whereas certain taxes are due the State of Texas and the County of McCulloch by F. Busse, as assessed against him for the year 1877 upon the following described tract or parcel of land, viz., abstract 884: original grantee Ernest Giesecke. No. acres 320, which taxes amount to the sum of four dollars and eighty cents, as appears from the tax rolls of McCulloch County for the year 1877; and whereas the time provided by law for the payment of said tax having expired, and though demanded of the said F. Busse by proper legal notice of the same, remaining unpaid, I, H. T. Eubanks, tax collector of McCulloch County, in compliance with the law, and by virtue of the tax rolls aforesaid, have levied upon and seized a certain tract of land as belonging to the said F. Busse, and heretofore described, to be sold to make said amount of said tax yet unpaid, together with costs accruing, and have advertised the said lands in the manner and for the time required by law; and whereas in pursuance with the said advertisement, I did offer said lands for sale at public auction at the time and place and in the manner required by law, when J. C. Copeland bid the sum of four dollars and eighty cents for 320 acres of said land, which sum being sufficient to make the said amount of said unpaid taxes, together with ———— dollars and ————: cents penalty, and five dollars ———— cents, costs accruing thereon, and the cost of this deed, which being the highest and best bid offered for the least number of acres of said land, the same was struck off to him, the said J. C. Copeland. Now therefore and in consideration of the sum of nine dollars and eighty cents to me in hand paid, the receipt of which is hereby acknowledged, I have by virtue of the power in me vested by law and by these presents have bargained, sold, transferred, and conveyed, and by these presents do bargain, sell, transfer and convey unto him, the said J. C. Copeland, his heirs and assigns, all the right, title, interest and estate which the said F. Busse had at the time when the said assessment heretofore mentioned was made, to the following described tract or parcel of land, viz: Abstract No. 324: original grantee Ernest Giesecke, in McCulloch County. To have and to hold, unto him the said J. C. Copeland his heirs and assigns the above and foregoing tract of land together with all and singular the right, privileges and appurtenances to the same belonging, or in any wise incident thereto, in fee simple forever, provided nevertheless the said land here conveyed may be redeemed by the said F. Busse, owner, his heirs, or legal rep-

resentatives, within two years from this date, in the manner prescribed by law.

"Witness my hand and seal of office, this the 11th day of July, 1878.

    (Signed)      "H. T. EUBANK, Tax Collector of

                            "McCulloch County."

This deed was duly acknowledged and recorded in deed records of McCulloch County, Texas, on the 4th of September, 1878, in regular form. Plaintiffs objected to the introduction of the deed because it did not describe the lands in controversy, and because the taxes appeared to have been assessed on abstract 884, and the sale conveyed or pretended to convey a different tract viz., abstract 324, which objection was by the court sustained. Defendants excepted to the ruling.

Bill of exceptions No. 2 shows that defendants offered in evidence two deeds executed by J. C. Copeland and wife Elizabeth Copeland, one dated Oct. 31, 1884, conveying to T. M. Crumbley and H. J. Crumbley 240 acres of the land in controversy, described as 240 acres to be taken out of the north end of survey No. 203, abstract No. 379, of Ernest Giesecke original survey of 320 acres, leaving and reserving 80 acres in said survey to be taken out of the south end for "our" homestead, recorded in deed records of McCulloch County, May 13, 1889. The other deed dated Sept. 1, 1886, conveying to T. M. Crumbley "the balance of said tract, it being 80 acres more or less," recorded Sept. 9, 1892, in record of deeds of McCulloch County.

Plaintiffs objected to these deeds as evidence and the court excluded them, as shown by the court's endorsement on the bill, upon the ground that "the answer showed joint ownership, and owned improvements jointly, and did not set out the improvements claimed by each separately."

Defendants' bill of exception No. 3 shows that they offered to prove in support of their pleas of five or ten years statute of limitations, by T. M. Crumbley and H. J. Crumbley, and ——— Miller, sheriff and tax collector, and others, that J. C. Copeland and these defendants went upon the lands in suit in the year 1877, and took possession of the same and cleared and enclosed lands and built a house thereon, and that in July, 1878, the said J. C. Copeland purchased the same at tax sale, and that these defendants continually resided upon said lands together, and that they "now hold" the said lands jointly with and for said Copeland, and that these defendants afterward bought said land from Copeland, and that defendants have resided upon the land from 1877 until the filing of this suit, claiming the same in their own right, holding quiet, adverse and peaceable possession thereof, cultivating the same and paying all taxes due thereon, and have in good faith, believing that they and said Copeland were the true owners thereof, placed valuable and permanent improvements thereon of the value of $2500. Plaintiffs objected to the evidence upon the ground that defendants have not set out in their answer the quantity of land which they had enclosed, or the number of acres they had in

actual possession, and that their possession, as alleged in their answer and plea of limitation, was not set out by any metes and bounds or particular description, and because defendants, claiming separate interests or parcels of the same land, did not set out the lands upon which each claimed improvements. The court sustained the objections, and explained that the bill was allowed because the tax deed was a nullity and the answer of defendants did not authorize proof of improvements in good faith.

*Opinion.*—The rulings of the court as shown by these bills of exceptions are assigned as errors by the defendants, affirming that the testimony excluded was admissible on their pleas of limitations and improvements in good faith, and there are no assignments left upon other points. Appellants' brief claims that the bills of exception show that they bought the lands jointly with Copeland at the tax sale. The bills do not show that they offered to prove such fact, but that they resided upon the land after the purchase by Copeland at tax sale, holding possession jointly with and for Copeland, and that defendants claimed and held possession for themselves in their own right from 1877 to the filing of this suit.

The tax deed was evidently void upon its face for want of description. It recites that the taxes were assessed upon abstract No. 884, 320 acres granted to Ernest Giesecke, which was levied on, advertised and sold, but the deed conveyed "abstract No. 324" originally granted to Ernest Giesecke, in McCulloch County, without giving further description. The deed does not identify any particular land, certainly not the land in suit. Brokel v. McKechnie, 69 Texas, 32; House v. Stone, 64 Texas, 677; Waters v. Spofford, 58 Texas, 124; Berrendo Stock Co. v. Kaiser, 66 Texas, 352; Coker v. Roberts, 71 Texas, 602; Norris v. Hunt, 51 Texas, 609; Wofford v. McKinna, 23 Texas, 44; Castro v. Illies, 13 Texas, 234.

There is a patent ambiguity of description in the tax deed which renders it void. Linney v. Wood, 66 Texas, 27; Cook v. Day, 66 Texas, 607, 608; Norris v. Hunt, supra.

The tax deed being void upon its face, could not be used to support the five years' statute of limitation, nor, under the ten years' statute, by a possession "taken under some written memorandum of title other than a deed which fixes the boundaries of the possessor's claim." Rev. Stats., arts. 3193, 3195; House v. Stone, supra; Kilpatrick v. Sisneros, 23 Texas, 136; Schleicher v. Gatlin, 85 Texas, 270; Berrendo Stock Co. v. Kaiser, 66 Texas, 352. The memorandum of title fixes no boundaries, and cannot be the basis of claim under the ten years' statute to the extent of the boundaries claimed. There was no attempt or offer to prove that Copeland, by himself or by defendants, reduced to possession all of the survey or any particular part of it described by metes and bounds. On this point there was a failure both in the plea and the proof offered so as to enable the court to decree any particular part of the land to defendants under their claim of limitation.

The pleas of limitation are joint pleas by both defendants setting up claims to the entire survey of 320 acres, and the proof offered is of the same character, and fails to designate any particular portion of the land to which the ten years' statute, allowing 160 acres of land to a naked possessor for the time required, would apply. Neither the plea nor the proof would authorize a decree for any definite part of the land, nor any 160 acres out of the entire 320 acres.

The proof offered of possession shows that it was by Copeland and by defendants jointly with and for him, and also by defendants in their own right from 1877 to the filing of the suit. This presents an unaccountable contradiction of fact. Defendants could not have held possession for Copeland and in their own right. They both claim by deeds from Copeland; one deed to 240 acres of the survey to both·defendants, dated October 31, 1884, recorded May 13, 1889; the other to T. M. Crumbley for the remaining 80 acres, dated September 1, 1886, recorded September 9, 1892. This suit was brought July 27, 1893. Copeland was not in possession full ten years, and as claiming under him, defendants must tack their possession to his to complete the period of ten years before suit. The deed of Copeland to defendants conveyed designated parts of the land. The claim under Copeland's possession, continued by defendants, could embrace only 160 acres of land. How could a decree distribute this 160 acres to defendants under their two deeds to the land? Does the possession belong to the deed conveying the 240, or to that conveying to one of the defendants 80 acres of the land, or to both? The evidence offered cannot be intelligently applied to the claims of defendants. The confusion arises from the failure to define the 160 acres intended to be taken by naked possession by plea or proof.

The plea is joint. We think under the plea, no particular 160 acres being described to which ten years' possession would apply, the proof offered was admissible. If defendants rely upon the proposed testimony that they have been in possession in their own right all the time, it is not admissible, because it does not show what particular 160 acres are intended, and the court cannot decree any particular 160 acres. Besides, we think, to admit proof of any designated part of the entire survey of 320 acres, there should have been a plea claiming and designating it. The proof offered and excluded also would show that defendants' possession was not exclusive, but that Copeland was also in possession, thus interfering with the possession of defendants, to what extent, the proposed testimony does not advise us. This brings us again to their claim under him, and the difficulty of applying the proof of a common possession to any definite 160 acres owned by them under their deed.

The proof offered was lacking in that certainty that would enable the court to render any decree for 160 acres of land, even had there been a good plea describing a certain 160 acres of land. Sellman v. Lee, 55 Texas, 319.

As to claims for compensation for valuable and permanent improve-

ments made in good faith, we do not think there was error in excluding the testimony offered to prove the claim. The plea does not lay a predicate for the claim by stating the grounds of good faith, nor does the testimony offered. Rev. Stats., Art. 4813; Powell v. Davis, 19 Texas, 380; Thompson v. Comstock, 59 Texas, 318; Holstein v. Adams, 72 Texas, 489.

A tax deed void on its face for want of description will not support the claim. House v. Stone, 64 Texas, 677; Robison v. Osborn, 13 Texas, 298; Lewis v. Steiner, 84 Texas, 365. The proof offered does not show when the improvements were made, or that they were made after five or ten years' possession, nor by whom made, nor does it show the value of the land, and no statutory decree could have been rendered under it. Rev. Stats., Arts. 4813, 4814; Thomas v. Quarles, 64 Texas, 491; Sellman v. Lee, 55 Texas, 319. Nor does the proof proposed show good faith. Holstein v. Adams, 72 Texas, 485; House v. Stone, supra; Johnson v. Schumacher, 72 Texas, 337, and authorities cited.

We find no error as assigned in the judgment of the lower court, and it is affirmed.

*Affirmed.*

Delivered October 23, 1895.