PATRICK ROWAN v. J. W. RAINEY.

Decided June 1, 1901.

**1.—Trespass to Try Title—Improvements in Good Faith by Heir—Possession.**

The statute in reference to improvements on land made by the defendant in good faith and under claim of title does not restrict a recovery for their value to one who claims title to the land by purchase, but applies also in the case of an heir who, ignorant of a prior unrecorded deed by his father, took possession in good faith, after such inquiry and search of the records as an ordinarily prudent person would have made; and his claim is not affected by the fact that he received possession from his mother, who was not a possessor in good faith, his own possession having continued for one year. Rev. Stats., art. 5277.

2.—Same—Unrecorded Deed of Ancestor—Statutory Construction.

The statute making an unrecorded deed of the ancestor binding on the heir is not intended to apply to and cut off a claim for improvements made by an heir in good faith and without notice on land that had been sold by the ancestor. Rev. Stats., art. 4640.

Appeal from Harrison. Tried below before Hon. W. J. Graham.

*M. R. Geer,* for appellant.

*T. P. Young,* for appellee.

TEMPLETON, Associate Justice.—S. D. Rainey and wife owned a block of land situated in the city of Marshall. In 1885 they sold a lot out of the block to appellant Rowan. All the parties then lived at Marshall. Rowan did not have his deed recorded until 1900. In 1892 he removed to Titus County, where he has since resided. Rainey died in 1891. The lot in question and the adjoining lots which had not been sold were unimproved, and in 1895 Mrs. Rainey rented same to Whaley, who inclosed the lots, including the one in controversy, and used the same as a cow pasture. Mrs. Rainey died in 1898. Two sons, the appellee and another, were the sole heirs of Rainey and wife. Soon after Mrs. Rainey's death appellee bought his brother's interest in part of the estate, the Rowan lot being embraced in the conveyance. The consideration was a credit on an indebtedness owing to appellee by his brother. Appellee shortly thereafter, and before the filing of Rowan's deed or the bringing of this suit, improved the Rowan lot by erecting thereon a small dwelling house with the usual appurtenances. Rowan sued appellee in trespass to try title and recovered the land. Appellee pleaded his improvements and was allowed the value thereof. Rowan has appealed.

On the issue of improvements in good faith it was shown, in addition to the facts above stated, that appellee resided in Tom Green County, Texas, at the time Rowan bought the lot, and that he has not lived at Marshall since then; that after his mother's death, and before he bought out his brother, he had an experienced abstractor to examine the deed records of Harrison County to see what lands belonged to the estates of his father and mother, which examination showed that the title to the lot in controversy was in the said estates. It further appears that appellee did not know, until the Rowan deed was filed for record, that the lot had been sold, and that he had no knowledge of any facts which would have put him upon inquiry as to the sale. When appellee bought from his brother, and when he went into possession, and when he made the improvements, he believed and had every reason to believe that the lot had not been sold and that it belonged to the estates of his father and mother, and that he had inherited an undivided one-half interest in the lot from his parents, and that the deed from his brother conveyed to him a good title to the remaining interest. Acting on such belief, appellee

went into possession and made the improvements in good faith, without any knowledge whatever of any adverse claim to the land.

It is provided by article 5277, Revised Statutes, that a defendant in an action of trespass to try title who has had adverse possession in good faith of the premises in controversy for the required time, and who has made permanent and valuable improvements thereon, may set up a claim for such improvements. Appellant contends that appellee was not a possessor in good faith of the lot in question because his mother, from whom he received possession, was not a possessor in good faith, and because, by virtue of article 4640, Revised Statutes, the deed to Rowan, though not recorded, was binding on Rainey and wife and on their heirs. Conceding that Mrs. Rainey was not a possessor in good faith, and assuming that her possession could not be tacked to the possession of appellee, still, as appellee had possession himself for more than one year before the bringing of this suit, such facts would not have the effect to bar appellee's claim. The question is whether appellee himself took and held possession in good faith for the required time, and on this issue the testimony is conclusive in his favor. It was unmistakably shown that appellee, when he took possession and made the improvements, believed that the lot was his own, and had such grounds for his belief as would be satisfactory to a person of ordinary prudence, and that he had made such inquiry concerning his title as an ordinarily prudent person would and should have made. In such case the improver is entitled to protection. Holstein v. Adams, 72 Texas, 490. Appellee's claim can not be defeated on the ground that those under whom he claims were not possessors in good faith, unless he had notice of that fact. True it is that he was not a purchaser for value of the lot in controversy, but he had as much reason to believe himself the owner of the lot as one who had bought and paid for it. He acted as a reasonably prudent person would have acted in assuming the rights of ownership over the premises, and must be held to be a possessor in good faith and entitled to pay for his improvements. The fact that the deed of his ancestors was binding on him on the question of title would not prevent him from being a possessor in good faith, or bar his claim for improvements. That the deed, though unregistered, was sufficient to defeat his claim of title, is not disputed. But the statute can not have been intended to apply to a claim for improvements made by an heir in good faith and without notice, on land that had been sold by his ancestor. Such a construction would be in conflict not only with the spirit of our law and the principles of equity, but with the statute which authorizes a recovery for improvements so made, without reference to the source of the defendant's claim of title. The statue does not restrict a recovery to one who claims title by purchase. We conclude that the judgment should be affirmed.

*Affirmed.*

Rainey, Chief Justice, did not sit in this case.