Priciliana Munoz VELA et al., Appellants,

v.

Billie HESTER et al., Appellees.

No. 12859.

Court of Civil Appeals of Texas.

San Antonio.

May 25, 1955.

Rehearing Denied June 22, 1955.

Royce A. Oxford, Edinburg, Charles Elick, McAllen, for appellants.

Fred W. Hodson, Jr., Houston, Hill, Lochridge & King, Mission, for appellees.

W. O. MURRAY, Chief Justice.

This is a trespass to try title to some 45 acres of land out of the La Blanca Grant in Hidalgo County, and being bounded on the south, west and north by the Rio Grande River and on the east by the Handy Tract, which tract is fully described in the petition. The suit was instituted by Priciliana Munoz Vela and some 28 other plaintiffs, against Billie Hester Peters and some 41 other defendants. Some of the defendants were cited by publication and an attorney ad litem was appointed to represent them. In a second count, plaintiffs sought a partition of the 45 acres among the numerous plaintiffs.

Upon motion of plaintiffs the trial court separated the issue of title by limitation from that of heirship and partition, and ordered the issue of title by limitation first tried; and with the issues separated the cause proceeded to trial before a jury.

When the plaintiffs rested their case, defendants Billie Hester Peters and Wade H. Peters, her husband, made a motion for an instructed verdict, which was granted by the trial court and judgment rendered that plaintiffs take nothing. From that judgment plaintiffs below have prosecuted this appeal.

Appellants contend that the court erred in instructing a verdict in favor of appellees. We overrule this contention. The evidence is insufficient to raise a jury issue as to ten years adverse possession of the 45 acres. Appellants placed some three or four witnesses upon the witness stand to establish title by ten years adverse possession. Much of the testimony given by these witnesses related to some kind of a plat or maps referred to as plaintiffs' exhibit one, but we have found no such exhibit in the record. In the absence of this exhibit most of the testimony is unintelligible. Aside from this, the evidence shows that numerous persons were in possession of different parcels of the land, cultivating and using the same at different times. For a time some one would cultivate a strip of the land and at

another time some one would cultivate perhaps the same strip or another strip. There is no privity of possession shown between these parties. Numerous people seem to graze cattle upon the entire 45 acres at times. It seems that there was no objection to any member of the Munoz Family using and occupying this land as he saw fit, so long as he was related to the Munozes. The evidence fails to show that hostile, exclusive and continuous possession by plaintiffs for any period of time sufficient to establish title by limitation under the provisions of the ten-year statute of limitation, Art. 5510, Vernon's Ann.Civ. Stats.

█ The courts of this State have held that the joint possession of two or more persons who are naked trespassers of one tract of land is not the kind of exclusive possession that is required to establish title by the ten-year statute of limitation. W. T. Carter & Bro. v. Holmes, Tex.Com. App., 131 Tex. 365, 113 S.W.2d 1225, opinion adopted by the Supreme Court; Humphreys v. Gribble, Tex.Civ.App., 227 S.W.2d 235; Cities Service Oil Co. v. Green, Tex.Civ.App., 251 S.W.2d 906; Crumbley v. Busse, 11 Tex.Civ.App. 319, 32 S.W. 438; Walker v. Maynard, Tex.Civ. App., 31 S.W.2d 168; Riddle v. Vandiver, Tex.Civ.App., 225 S.W.2d 460.

█ Aside from this, the evidence here does not show who was in possession of a particular strip at any one time, whether he was holding it for himself or for some one else, and whether he was asserting any title to it or not, and therefore does not show open, adverse, hostile, continuous and exclusive possession by any one person of any particular part of the 45 acres for a ten-year period. No one person was shown to be in possession of the entire 45 acres, but various persons were shown to be farming various unidentified segregated portions of the 45 acres at various and different times. This is not the kind of clear proof that a plaintiff must produce if he expects to establish title by adverse possession. Dunn v. Taylor, 102 Tex. 80,

85, 113 S.W. 265; Coleman v. Waddell, 151 Tex. 337, 249 S.W.2d 912; Marion County v. Sparks, Tex.Civ.App., 112 S.W. 2d 798; 2 Tex.Jur. 178.

█ The various possessions of different parties cannot be tacked together, because there is no showing of privity of possession. Overton Refining Co. v. Harmon, Tex.Civ.App., 81 S.W.2d 207, affirmed 130 Tex. 365, 109 S.W.2d 457, 110 S.W.2d 555.

The judgment is affirmed.