**SOUTHWESTERN LUMBER CO. OF NEW JERSEY v. ALLISON. (No. 683–4236.)**

(Commission of Appeals of Texas, Section A. Oct. 21, 1925.)

**1. Adverse possession ⬥═115(3, 5)—Whether defendant used land as tenant, and by permission of plaintiff's predecessor in title, held for the jury.**

In trespass to try title to land inclosed in a pasture, with defendant setting up limitation of 10 years, evidence *held* to raise issue of fact as to whether during period of limitation such land was used jointly by defendant and another as tenant, and by permission of plaintiff's predecessor in title.

**2. Adverse possession ⬥═36, 60(2)—Possession not adverse if land was used jointly with tenant and by permission of plaintiff's predecessor in title.**

In trespass to try title with defendant setting up limitation of ten years, if land in dispute was used jointly by defendant and another as tenant, and by permission of plaintiff's predecessor in title, defendant was not entitled to recover on his plea of limitation.

**3. Adverse possession ⬥═36, 60(2)—Defendant's possession held not to indicate unmistakably assertion and claim of exclusive ownership.**

In trespass to try title, use of land in dispute by defendant as a pasture jointly with others, and by permission of plaintiff's predecessor in title, *held* not such a character of possession as to "indicate unmistakably an assertion of a claim of exclusive ownership."

**4. Adverse possession ⬥═34—Possession must be exclusive.**

Possession to be adverse must be exclusive.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by the Southwestern Lumber Company of New Jersey against J. V. Allison. Judgment for defendant was affirmed (261 S. W. 1085), and plaintiff brings error. Reversed and remanded.

G. E. Richardson, of Jasper, and Andrews, Streetman, Logue & Mobley and E. J. Fountain, Jr., all of Houston, for plaintiff in error.

Smith & Lanier, of Jasper, for defendant in error.

BISHOP, J. This is a suit by plaintiff in error, Southwestern Lumber Company of New Jersey, against defendant in error, J. V. Allison, in trespass to try title for a tract of 240 acres of land in Jasper county. Defendant in error in his answer asserted title to about 102 acres of this land under the statutes of limitation of ten years. Plaintiff in error is the owner of the record title, and on trial in the district court the issue of limitation was submitted to the jury on special issues. Verdict and judgment was in favor of defendant in error on his plea of limitation and the judgment was by the Court of Civil Appeals affirmed. 261 S. W. 1085.

The evidence shows that the Kirby Lumber Company purchased this tract of land from one Adams on December 3, 1902, and conveyed same to J. R. Chapman July 3, 1909. The land was conveyed to plaintiff in error by the executors of the estate of J. R. Chapman, deceased, by a deed of date June 12, 1920. One F. M. Roberts, about the year 1903, with the permission of the Kirby Lumber Company, fenced this 102 acres and used same as a pasture. Roberts owned a tract of 60 acres situated just north of this pasture, which he sold to defendant in error in 1907. A Dr. Ogden and defendant in error were partners in the live stock business and used this pasture in that business from 1907 to about 1918. Ogden did not claim any interest in the land and testified that he did not know that defendant in error "hadn't got a regular lease on the place." After 1918 defendant in error continued to use the pasture until this suit was filed on May 11, 1922.

The witness W. O. Grimes testified that he worked for both the Kirby Lumber Company and J. R. Chapman during the time that Chapman owned this tract of land, and that during this time the Kirby Lumber Company was the tenant of Chapman and had permission to use his lands. He also testified that his "duties were to look after their lands and inspect them and protect them from depredations and squatters." This evidence is not disputed. There is evidence that during practically all the time the defendant in error claims to have been in possession of this pasture the Kirby Lumber Company used it in connection with its market and slaughterhouse for the purpose of pasturing cattle, and that its employees also used the pasture with permission of the Kirby Lumber Company and without obtaining permission from defendant in error. The evidence of defendant in error was to the effect that he had exclusive control and possession of this pasture during all the time from 1907 to 1922, and that no use was made of it by others except with his consent.

[1, 2] This evidence clearly raises an issue of fact as to whether, during the period of limitation claimed, the land inclosed in the pasture was being used jointly by defendant in error and the Kirby Lumber Company as tenant and by permission given by Chapman. If it was so used, defendant in error could not recover on his plea of limitation.

[3, 4] Roberts, with permission of the Kirby Lumber Company, built the fence around this land. Its use thereafter as a pasture by the defendant in error jointly with said company and with others using it by permission of said company is not such character

of possession "as to indicate unmistakably an assertion of a claim of exclusive ownership." Possession in order to be adverse must be exclusive. The rule is aptly stated in the case of Wichita Valley Railway Co. v. Somerville (Tex. Civ. App.) 179 S. W. 671:

"The law presumes the true owner is in possession until adverse possession is proved to begin, and when two persons are in mixed possession of the same land, one by title, and the other by wrong, the law considers the one who has title as in possession to the extent of his rights, so as to preclude the other from taking advantage of the statute of limitation. 2 Corpus Juris, Adverse Possession, § 587, p. 264; Satterwhite v. Rosser, 61 Tex. 166. * * *"

Though the submission of this issue was requested by the plaintiff in error, it was by the trial court refused, and for this reason the judgment of both the Court of Civil Appeals and the district court should be reversed, and the cause remanded to the district court, and we so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the questions discussed in its opinion.