## W. T. CARTER & BROTHER v. C. C. HOLMES.

No. 7009.   Decided March 9, 1938.
Rehearing overruled April 27, 1938.
(113 S. W., 2d Series, 1225.)

*J. E. Wheat, Baker, Botts, Andrews & Wharton,* and *Dillon Anderson,* all of Houston, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that the occasional cultivation of the remote one-acre patch by defendant in error, concurrently with the possession and occupancy of others who were also trespassers on the 100 acre tract involved, and whose possession was not in recognition of, or sub-

ordinate to, the defendant in error's possession, was sufficient to mature a ten-year limitation title in defendant in error (plaintiff below), to the entire 100 acres. Wiley v. Bargman, 90 S. W. 1116; Victoria v. Victoria County, 100 Texas 438, 101 S. W. 190; Bracken v. Jones, 63 Texas 186.

*Lowe & Hightower*, of Woodville, for defendant in error.

Defendant in error (plaintiff below) was in actual possession asserting a claim to the entire tract, which claim was notorious throughout the community, and was in possession under a "claim of rights" which entitled him to the land. Petty v. Griffin, 241 S. W. 252; O'Hanlon v. Morrison, 187 S. W. 692; Houston Oil Co. v. Stepney, 187 S. W. 1078.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

C. C. Holmes obtained a judgment for the title and possession of 100 acres of land out of the Francis Kriner Survey in Tyler County, against W. T. Carter & Bro., plaintiffs in error herein, his said suit being based on the 10 year statute of limitation. See Art. 5510 R. C. S. That judgment was affirmed. W. T. Carter & Bro. v. Holmes, 85 S. W. (2d) 993. He fenced and cultivated continuously for 10 years a small area, described as 89 vrs. by 62 vrs. situated in a remote and practically invisible part of the 100 acre tract, and claims that the possession and use of this small cultivated area drew to it constructive possession of the entire 100 acres, under the terms of said Art. 5510.

We pass without decision the question of whether his possession was of such open, visible and notorious character as to impart notice of his hostile claim to the record owner.

1 As to all of the 100 acre tract, outside the boundaries of the small area of less than one acre in cultivation, his possession was constructive, not actual. This outside area was open woods, with the exception of that portion occupied by a residence and garden. In this residence, and using the garden, were two aunts of C. C. Holmes, who resided there almost continuously from 1917 until this suit was filed. His possession was not exclusive, and he therefore acquired no title by constructive ten years possession to all that part of the 100 acres mentioned above.

"An adverse possession, in order to ripen into title, must be exclusive,—that is, the claimant must hold possession of the land for himself, as his own, and not for another. That which

tends to prove the exclusiveness of a possession differs in no material respect from that which goes to prove the other elements of an adverse holding. Indeed, 'exclusive possession' simply means that the disseisor must show an exclusive dominion over the land and an appropriation of it to his own use and benefit." 1 Am. Jur. 875.

" * * * in order to maintain the defense under the ten years' statute of limitation, the defendant must prove 'actual, exclusive, continuous, visible, and notorious possession, distinct and hostile, for the full period of ten years.' " 2 Tex. Jur. p. 12.

"When the acts done upon a tract of land are such as to give unequivocal notice to all persons of a claim to it, adverse to the claim of all others, and this is accompanied by an actual possession exclusive in its character, then limitation will run in favor of the person so asserting adverse claim and enjoying an exclusive possession from the time such exclusive occupancy began, whether the land be enclosed or not." Richards v. Smith, 67 Texas 613, 4 S. W. 571.

" * * * Nor does the statute make any provision for two or more defendants to hold jointly as naked trespassers or possessors, but each must hold exclusive as against the world. Crumbley v. Busse, 11 Texas Civ. App. 319, 32 S. W. 438. The reason for the rule is that proof of joint possession would not designate any particular portion of the land to which the ten-year statute would apply, and would not authorize a decree for any definite part of the land." Walker v. Maynard, 31 S. W. (2d) 170.

It is claimed here that the possession of the two old maid aunts of defendant in error was in subordination to his claim. We cannot agree to the correctness of this. The land in controversy had been owned, used and occupied for some forty or fifty years by the grandfather of C. C. Holmes, defendant in error here. In 1917, the grandfather died. In about November, 1917, thereafter, his heirs, including the father of C. C. Holmes and the said aunts, sold and conveyed the land to plaintiffs in error. A field on this land was cultivated and used by defendant in error and his father thereafter until about 1921 when the same was abandoned. The latter part of 1922 C. C. Holmes reentered this old field, and fenced out of it the small tract above mentioned. This was the beginning of his limitation period. His aunts continued to reside in said residence on the land. C. C. Holmes himself at no time lived on the land but resided on another and different tract. With the exception of two short intervals, his aunts continued in the residence until this suit was

filed. The residence was near a public road, and their possession was open and visible. They did not claim the land. Their possession was referable to the title of their grantee, under whom they were presumed to hold. Eylar v. Eylar, 60 Texas 315; Scott v. Rodgers, 6 S. W. 731, and numerous authorities there cited. The circumstances clearly indicate they were tenants at will of plaintiffs in error, holding possession with their implied consent. There is no evidence before us of a holding by them in subordination to defendant in error's claim. They were there before he was and continued thereafter under circumstances showing that W. T. Carter & Bro. must have known of their presence and impliedly acquiesced in their possession. The possession of defendant in error of a one acre tract did not draw to it the constructive possession of that which was openly occupied by another. Particularly is this true when the occupancy of the other party was in recognition at least presumptively, of the title of the record owner.

The pleadings before us carry no description of the small cultivated tract, and we therefore are unable to finally dispose of the entire case.

As to the cultivated area described by a witness as "89 vrs. by 62 vrs." such part of this cause is reversed and remanded for further proceedings in the trial court. As to all that part of the cause of action affecting the remainder of the 100 acre tract, the judgment of the trial court and that of the Court of Civil Appeals are here reversed and rendered for plaintiff in error.

Reversed and remanded in part and in part reversed and rendered.

Opinion adopted by the Supreme Court March 9, 1938.

Rehearing overruled April 27, 1938.