### WRIGHT v. O'NEAL et al.

### No. 11148.

Court of Civil Appeals of Texas.
San Antonio.

April 15, 1942.

Arthur G. Uhl and Davis, Wright & Perales, all of San Antonio, for appellant.

F. C. Davis and Jesse I. Edwards, both of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Arthur V. Wright in the District Court of Bexar County against Elton O'Neal and Lucille O'Neal, and Home Owners Loan Corporation of Washington, D. C., seeking in a trespass to try title suit to recover the title and possession of the north twenty-five feet of Lot 10, Block 15, New City Block 2039, in the City of San Antonio.

The trial was before the court without the intervention of the jury and resulted in a judgment that plaintiff take nothing, and that the title and possession of the parcel of land sued for be divested out of plaintiff and vested in defendants Elton O'Neal and wife, Lucille O'Neal, subject to a lien and mortgage against the same securing the payment of an indebtedness owing to the Home Owners' Loan Corporation.

From this judgment Arthur V. Wright has prosecuted this appeal.

The trial judge made and filed the following findings of fact, to-wit:

"1. That on October 9, 1935, Republic Corporation executed and delivered unto Elton Maurice O'Neal and wife, Lucille Loretta O'Neal, a deed conveying all of Lot No. Ten, Block No. 15, New City Block 2039, in the City of San Antonio, Bexar County, Texas.

"2. That on November 19, 1935, the defendants, Elton Maurice O'Neal and wife, Lucille Loretta O'Neal, executed and delivered unto E. W. Jamison, Trustee for the benefit of the Home Owners' Loan Corporation a deed of trust conveying all of Lot 10, Block 15, New City Block 2039, in the City of San Antonio, Bexar County, Texas, to secure the payment of one note executed by them, payable to the order of Home Owners' Loan Corporation in the original sum of $3080.00.

"3. That the plaintiff, Arthur V. Wright has not adversely occupied, used or enjoyed the North 25 feet of Lot 10, Block 15, New City Block 2039, in the City of San Antonio, Bexar County, Texas, being the property involved in this controversy, for ten consecutive years.

"4. That the said plaintiff did not actually and visibly appropriate the property involved in this controversy and that he did not occupy the same continuously under a claim of right in a manner inconsistent with and hostile to the claim of the owner or others.

"5. That the plaintiff's occupancy of the land in controversy ceased and was interrupted from time to time and that the plaintiff's occupancy of such land was not continuous for ten consecutive years.

"6. That the defendants, Elton Maurice O'Neal and wife, Lucille Loretta O'Neal, actually occupied, used and enjoyed the property involved in this controversy claiming the property as their own under a deed, at frequent intervals and for long periods of time prior to the expiration of any ten year period of occupancy claimed by the plaintiff.

"7. That the plaintiff has not had peaceable and adverse possession of the property involved in this controversy, using and enjoying the same for ten consecutive years."

Appellant submits his case upon the following one point, to-wit:

"The trial court was in error in finding that the plaintiff had failed to establish title to the property in controversy under the ten year statute of limitations, and in rendering judgment against plaintiff, inasmuch as the evidence in the case established in plaintiff, appellant here, the title to said property under the said ten year statute."

■ It is apparent the burden of proof was upon appellant to establish, by a preponderance of the evidence, that, for a period of ten years or more, he had had peaceable, actual, visible and uninterrupted possession of the north twenty-five feet of said Lot 10. If it be true, as contended by appellant, that the evidence was sufficient to establish such possession by him, nevertheless, the judge was the trier of facts and was called upon to determine the right to the title and possession of the lot from a preponderance of the evidence. The evidence offered by appellant at most only raised the issue of title by adverse possession, but certainly was not conclusive upon the matter.

Appellant did not have the parcel of land fully fenced, having only put a fence on two sides of the lot. The only use to which he had put the land was that it was a part of his back yard and his children had played upon the same. One of his tenants had used this land by letting his chickens graze upon it. When Woodlawn Lake was improved the people doing the work had spread dirt over appellant's entire yard in exchange for the privilege of getting their drinking water from appellant's faucets. Some fifteen years before that appellant had some dirt hauled and scattered over his yard, including the twenty-five foot strip in dispute.

Appellees testified that they used the lot at the same time. They planted rose bushes on the strip in dispute, and also dumped

rubbish and grass clippings on the rear of the twenty-five foot strip.

 The trial judge was the trier of facts; it was his duty to pass upon the credibility of the witnesses and the weight to be given their testimony. The burden of proof was upon appellant, and the trial court could very properly find that appellant had not discharged that burden, unless the evidence was conclusive upon the matter. Arts. 5510, 5515, Vernon's Ann.Civ.Stats.; Foster v. Persinger, Tex. Civ.App., 30 S.W.2d 378; W. T. Carter & Bro. v. Holmes, 131 Tex. 365, 113 S.W. 2d 1225; Scott v. Rodgers, Tex.Com.App., 6 S.W.2d 731.

The judgment is affirmed.