**KIDD et al. v. PRESSWOOD et al.**

**No. 3115.**

Court of Civil Appeals of Texas.

Waco.

Feb. 18, 1954.

Rehearing Denied March 25, 1954.

S. A. Crawford, O. Etheridge and A. A. Turner, Conroe, for appellants.

George B. Darden and Arnold Smith, Conroe, for appellees.

McDONALD, Chief Justice.

Thomas O. Presswood, et al., as plaintiffs in the trial court and appellees herein, filed this suit in trespass to try title against Julius Kidd, et al., defendants and appellants, to recover title to 112.24 acres, located on the waters of Caney Creek in Montgomery County, Texas; said tract being described by detailed metes and bounds. As evidence of ownership, appellees plead possession, and the 10 and 25 year Statute of Limitations.

Appellees did not locate the tract at issue in any definite survey, because of conflicts and discrepancies in survey lines in the immediate vicinity, but the description they set out definitely located the land on the ground.

Appellants Julius and Pearl Kidd affirmatively plead that they were entitled by mete and bound description to possession of 100 acres out of the land claimed by appellees, under the 3 and 10 year Statute of Limitations.

Appellant Roy Gibson affirmatively plead that he was entitled by mete and bound description to possession of 50 acres out of the land claimed by appellees, under the 3 and 10 year Statute of Limitations.

Trial was to a jury, which, in answer to 3 special issues submitted, found: 1) appellees had used, cultivated and enjoyed the 112 acre tract sued for, for a period of 10 consecutive years prior to March 1938; 2) Roy Gibson had *not* used, cultivated and enjoyed the 50 acres contended for by him for any 10 year period prior to 1950; and 3) Julius and Pearl Kidd had *not* used, cultivated and enjoyed the 100 acres contended for by them for any 10 year period prior to 1950.

Judgment was upon the verdict vesting title to the 112 acre tract in appellees and a "take nothing" judgment entered against appellants.

Appellants' motions for new trial were overruled and they appeal to this court on 14 Points of Error.

Appellants' Points 1, 2, 4, 5, 6 and 7 contend that appellee should not recover because there was evidence that a portion of the 112 acres was used by the public as a stock range during the limitation period; that appellee proved only adverse possession to a portion of the 112 acre tract, to wit: the field under fence; that appellee had no deed fixing boundaries; that the evidence did not support the jury's finding that appellee had peaceable adverse possession of the 112 acre tract for 10 years; that the 112 acres was not fenced; and that there was no evidence that the appellee exercised dominion over the 100 acres claimed by Kidd.

All of the parties claiming the land in controversy are naked trespassers on all or part of the 112 acres and base their claim on limitation. No record title owner of the land is involved.

Appellees claim a 112 acre tract set out by metes and bounds and which is positively identified on the ground. There is evidence to the effect that they and their predecessors in title farmed, cultivated, used and enjoyed from 50 to 75 acres of the land in issue for over 10 consecutive years, peaceable and adverse to every one, and under a substantial fence; continuous control was exercised over the remainder of the land not under fence; the boundaries and corners were well known and marked on the ground; timber and wood were cut off it regularly up to claimed lines, and no one ever contested their claim and ownership to the marked boundaries from 1893 to 1941.

It is the law that if limitation claimants' possession and use of the land

to defined and marked boundaries, whether fenced or not, is sufficiently peaceable, open, notorious and adverse to give fair notice of the extent and hostility of their claim, and obtained for a sufficient length of time, the requirements of the Statute are satisfied. Whether there is such a possession and use is a question for the jury to decide. 2 Tex.Jur. 90; W. T. Carter & Bro. v. Holmes, 131 Tex. 365, 113 S.W.2d 1225; McCall v. Grogan-Cochran Lbr. Co., 143 Tex. 490, 186 S.W.2d 677.

■ We hold that the evidence was sufficient to support the jury's verdict and trial court's judgment.

Appellants, in their 3rd and 12th Points, contend that appellee's claim to the 112 acres was actually incident to a claim which appellee's parents made in 1934 against parties named O'Connor, and which case has already been tried and adjudicated.

The record fails to disclose that the evidence or the land in controversy in that case were the same as that in the case at bar. Further, it is our view that the evidence in the case at bar supports the judgment of the trial court and the conclusions reached in this opinion.

■ Appellants, in their 8th Point, contend that the identical facts in the case at bar were adjudicated by the Court of Civil Appeals in the case of Bugg Kidd v. Ira Milliman. There is no showing that the parties, subject matter or evidence in that case are the same as in the case at bar. The record does show that the Court of Civil Appeals reversed and remanded that case and that it was afterward dismissed. No final judgment being entered therein, it cannot be res adjudicata.

■ Appellants' 9th and 11th Points complain of the trial court's failure to give appellants' special charges having to do with the doctrine of encroachment; and Point 10 complains of the trial court's failure to submit certain special issues and accompanying charges on the law of adverse possession under a deed, requested by appellants. We believe that the charges and issues requested were not warranted by the evidence, and that the trial court in its charge correctly submitted the controlling issues in the case as made by the pleadings and evidence. See Rule 279, Texas Rules of Civil Procedure.

Appellants, in their 13th Point, complain of the action of the trial court in refusing to admit evidence, as an exception to the "Dead Man's Statute", of a purported lost deed from one W. R. Baker to Julia Ann Gibson.

■ There was no pleading establishing such a fact, or notice given in advance of the introduction of such a deed in evidence. Moreover, since the record in this case is devoid of any chain of title vesting any sort of title in appellants, the evidence of the lost deed if admitted would have availed appellants nothing.

■ Appellants, in their 14th Point, complain of the action of the trial court in refusing to include in its judgment a statement which would prevent said judgment from casting a cloud upon the balance of their land not included within the 112 acres. Appellants claimed a 50 acre tract and a 100 acre tract by metes and bounds, both located within the boundaries of the 112 acres claimed by appellees. The verdict of the jury was adverse to their claim. Hence a "take nothing" judgment was properly entered as to the 2 tracts of land claimed by them.

All of appellants' points are overruled and the judgment of the trial court is affirmed.