**Hilario SOLIS, Appellant,**

v.

**LA BRISA LAND AND CATTLE COMPANY, Appellee.**

No. 13992.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 24, 1962.

Emilio F. Gutierrez, Rio Grande City, for appellant

F. R. Nye, Jr., Pope & Pope, Rio Grande City, for appellee.

POPE, Justice.

Plaintiff, La Brisa Land and Cattle Company, sued Hilario Solis in trespass to try title for 213 acres of land in Starr County. When both parties closed, the court withdrew the case from the jury and rendered judgment for La Brisa. Defendant, Solis, urges that La Brisa failed to prove either record title, prior possession, or adverse possession. He also insists that he raised a fact issue about his own prior possession and adverse possession.

La Brisa, by undisputed evidence, established its prior possession. The earliest that Solis claims that he was in possession was 1947. La Brisa proved that M. M. Garcia was its predecessor in title, that he gave a surface lease to William Richmond which ran from December, 1943, to November 30, 1945, with an option for a three-year extension. At the time of the trial Richmond was dead, but his son produced the written lease and testified that he and his father farmed and ranched the property under the lease for more than four years. They built a fence which enclosed the property in suit. Richmond occupied the property personally and through a subtenant. This witness was not cross-examined nor was his evidence attacked or challenged as to occurrences prior to Solis' entry in 1947. He was not an interested witness. His evidence is uncontradicted, clear and positive. It was cor-

roborated by witness Chester Montgomery, who testified that he followed Richmond on the property, at which time there were cattle on the ranch belonging to Richmond's sub-tenant. Solis testified that he began to run cattle on the property sometime in 1947, but he makes no effort to dispute what occurred prior to his use. If the testimony was not true, Solis failed to avail himself of any opportunity to disprove it. Missouri-Kansas-Texas R. Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931.

■ Solis claims that, in any event, he proved enough to raise a fact question about his adverse possession of the property for a ten-year period between 1947 and the date the suit was filed. The record does not reflect the date the original petition was filed, but from other documents it appears to have been sometime in 1961. Solis proved that he occupied the property, but his own testimony defeated the exclusive and hostile nature of the possession. During the time that Solis claimed possession, La Brisa exercised certain undisputed acts of ownership over the property in which Solis acquiesced and made no protest. It granted Sun Pipe Line Company a right-of-way across the property in December, 1947. It granted Sun Oil Company another right-of-way in May, 1949. It granted Sun Oil Company still another right-of-way on June 20, 1960. These grants were recorded and La Brisa's grantees entered, cleared the land, erected cattle guards through fences, installed pipe lines, maintained right-of-ways, and caused damages which Solis acknowledged. Solis made no protest to any of these acts of ownership. While it may be true that one can enter land upon which an easement already exists and assert adverse possession to all but the easement, Young v. City of Lubbock, Tex.Civ.App., 130 S.W.2d 418, it does not follow that one in adverse possession may stand by and permit the owner to grant new easements without protest and continue his status as exclusive and hostile possessor. It is not enough to show that the claimant was in possession which was exclusive and hostile except for those instances when the owner exercised acts of ownership. If such were the rule, an owner could enter to cut timber, and the claimant could reason that his possession was adverse except for such timber as was cut. When the owner enters, the claimant must resist or lose his claim. In Rick v. Grubbs, 147 Tex. 267, 214 S.W.2d 925, the claimant lost because he permitted the owner without protest to grant a pipe-line right-of-way.

■ The possible period of limitation between 1949 and 1960 was interrupted by the joint occupancy with Chester Montgomery, who held a lease from La Brisa. He lived on the property with his family from 1946 until about 1952. He was on the property daily until 1954. Solis excuses his failure to protest this occupancy because he understood that Montgomery was a pumper for some oil company and tended to oil wells located on the property. The lease is not before us. Apart from this, however, the undisputed proof is that Montgomery was also on the property by force of a written surface lease from La Brisa, from October, 1950, to September, 1952, and for two years thereafter. The lease is in evidence, and the fact that Montgomery was present on the property under the surface lease is not disputed. Whether he had cattle on the land was disputed. Solis, at most, proved that he mistakenly believed that Montgomery was on the property only by reason of rights of a lessee in an oil lease, when the evidence without dispute shows that he was an occupant in his own right under a surface lease from the owners, and that Solis never protested. Solis failed to prove that his possession was exclusive and hostile. Instead, the evidence shows that the owners' tenant was in possession at the same time the claimant was in possession. Such proof defeats adverse possession. Rick v. Grubbs, supra.

The judgment is affirmed.