**Rubie PETTY, Administratrix, et al., Appellants,**

v.

**Marcella DUNN, Appellee.**

**No. 298.**

Court of Civil Appeals of Texas.

Tyler.

Sept. 21, 1967.

Rehearing Denied Oct. 19, 1967.

Adams, Granberry & Hines, F. P. Granberry, Crockett, for appellants.

Sallas, Griffith & Meriwether, Gus E. Meriwether, Crockett, for appellee.

MOORE, Justice.

This is a trespass to try title suit. Marcella Dunn, plaintiff, brought this suit against defendants, J. W. Washington and wife, Earle P. Adams and Willie Mae Hazlett, individually and as independent executrix of the Estate of Walter E. Hazlett, deceased, alleging that on or about the 25th day of September, 1957, she was the owner in fee simple of all of Lots Nos. (3) and (4) in Block No. (1) of the Cappony

Addition to the City of Crockett, Houston County, Texas; that on or about the 1st day of November, 1961, defendants unlawfully entered and dispossessed her of the premises. She also asserted title by virtue of the ten-year statute of limitations. Art. 5510, Vernon's Ann.Tex.Civ.St. Defendants, J. W. Washington and wife, answered by filing a disclaimer, disclaiming any interest in either Lot (3) or (4) as described in the plaintiff's petition. Defendants, Earle P. Adams and Willie Mae Hazlett, likewise filed a disclaimer as to any interest in Lot No. (4) in Block No. (1), but denied that the plaintiff was the owner of Lot (3) in Block (1) and further answered by a plea of not guilty.

After a trial before a jury, the court submitted the cause to a jury in seven special issues. The findings upon only the first three special issues are deemed to be pertinent to this appeal. In response to special issue No. 1, the jury found that the plaintiff, Marcella Dunn, and Tom Lewis and those under whom they claimed, had held exclusive, continuous and peaceable possession of the premises for a period of more than ten consecutive years prior to November 1, 1961. In response to special issue No. 2, the jury found that the plaintiff, Marcella Dunn, was adopted by Tom Lewis and Ludie Lewis, by an instrument in writing, executed and acknowledged by Tom and Ludie Lewis, and found in response to special issue No. 3 that the plaintiff thereafter lived with Tom and Ludie Lewis in the relationship of parent and child.

Based upon the verdict and the disclaimers filed by the defendants as to Lot (4), the trial court entered judgment for plaintiff, Marcella Dunn, awarding her title and possession of both Lots (3) and (4) in Block (1) of the Cappony Addition to the City of Crockett.

Defendants Adams and Hazlett, after their motion for new trial was overruled, perfected this appeal from that portion of the judgment granting plaintiff recovery for the title and possession of Lot (3). Pending appeal, a suggestion of death of appellant, Honorable Earle P. Adams, was filed, and Rubie Petty, Administratrix of his estate, was substituted as a party appellant in his stead.

Appellants have brought forward two points of error in which they contend that there is no evidence to support the finding of adoption and that there is no evidence to support the jury's findings of adverse possession under the ten-year statute of limitations.

These points call for a brief review of the evidence. The record reveals that appellee, Marcella Dunn, was born June 16, 1917, to Rosa Lee Dancer. When she was approximately six weeks of age, her mother permitted Tom Lewis and wife, Ludie Lewis, to take appellee into their home. The parties were not related and no agreement of adoption was entered into at that time. The evidence shows that appellee continued to live in the home with Tom and Ludie Lewis until after the death of Tom Lewis, the survivor, in 1957. Stated in chronological order, the facts further show that on September 5, 1918, Louise Leediker conveyed Lot (3) in Block (1) of the Cappony Addition, together with a house thereon, to Tom Lewis. It is without dispute that the property became the community property of Tom and Ludie Lewis. The evidence further shows Tom and Ludie Lewis, along with Marcella Dunn, moved into the house in 1918; that during the marriage of Tom and Ludie Lewis, they had only one child born to them and she died without issue in 1924. Ludie Lewis died in 1939, and thereafter, Tom Lewis and Marcella Dunn continued to maintain their home on the premises in question. Shortly after the death of Ludie Lewis, Tom Lewis conveyed the property to Edd Lewis by warranty deed dated August 31, 1940. Subsequently, on October 20, 1941, Edd Lewis and Tom Lewis executed a joint deed conveying the property to Walter B. Morgan. It is without dispute that after the execution of both deeds,

Tom Lewis and Marcella Dunn continued to occupy the premises and continued to maintain their home thereon. On September 25, 1957, Tom Lewis executed a warranty deed to appellee and subsequently died on November 12, 1957. Marcella Dunn continued to live in the home until some time during 1958 when she moved to Houston. She testified, however, that after she moved to Houston she continued to rent the house and maintain possession thereof. On March 19, 1961, Edd Lewis executed a deed conveying the property in question to Earle P. Adams and Walter E. Hazlett. Appellee testified that she continued in possession of the premises until on or about November 1, 1961, when J. W. Washington and wife, tenants of Adams and Hazlett, moved into the house and took possession of the premises.

On May 19, 1965, Walter B. Morgan executed a warranty deed to Edd Lewis conveying the property in question to him and reciting therein that the deed was given in view of the fact that the previous deed executed by Edd Lewis and his father, Tom Lewis, dated October 20, 1941, was in fact a mortgage to secure a loan to Tom Lewis.

The judgment fails to indicate whether the trial court rendered judgment for appellee based upon the findings of adoption or upon the findings of limitation or upon a combination of both such findings. It is therefore necessary to determine whether the judgment may be supported upon either finding. If appellee was legally adopted, she would be in a position to assert her right of inheritance from her adoptive mother, Ludie Lewis, for her one-half of the community estate. If, on the other hand, as contended by appellants, there is no evidence showing a legal adoption, appellee would not be entitled to assert such right.

Appellee did not plead adoption by estoppel and admits in her brief that such question is not before us. Consequently, we have only to determine the question of whether or not there is any evidence of probative force to support the jury's find-

ing of a statutory adoption, as provided for by the statute.

The adoption statute in force in 1917, at the time appellee was taken into the Lewis home, was Art. 1, Vernon's Sayles Texas Civil Statutes, 1914, which provided as follows:

"Any person wishing to adopt another as his legal heir may do so by filing in the office of the clerk of the county court of the county in which he may reside a statement in writing, by him signed and duly authenticated or acknowledged, as deeds are required to be, which statement shall recite, in substance, that he adopts the person named therein as his legal heir, and the same shall be admitted to record in said office."

Under the statute in force at that time and under the decided cases, it was incumbent upon appellee to plead and prove, according to recognized rules of law and evidence, that Tom and Ludie Lewis executed, acknowledged and filed a statutory instrument of adoption in the office of the County Clerk of Houston County. No instrument of adoption was introduced by appellee. Nor did appellee introduce any evidence showing that such an instrument was made and executed by the Lewises, or that an instrument was executed and lost or destroyed before same was filed in the office of the County Clerk. Insofar as we have been able to determine, there is nothing in the record which would even remotely suggest that such an instrument ever existed. The only evidence offered by appellee in this connection was the testimony of appellee and other witnesses who testified that they had heard Tom and Ludie Lewis say Marcella had been adopted, and the testimony of Espanola James, who testified that when she was approximately ten years of age, while visiting in the home of her grandmother, she heard Tom and Ludie Lewis tell her grandmother that they were going to the courthouse in Crockett and when they returned, they said that they had adopted Marcella.

■ Where only a statutory adoption is relied upon, the very substance of the case rests upon the execution of the document and the burden of proving its execution and existence is upon the party claiming under it. Sanders v. Lane, (Tex.Com.App.) 227 S.W. 946.

■ As we view the record, there is no evidence showing that an instrument of adoption was executed. There is no testimony showing that such an instrument had been filed for record or that any witness had seen such an instrument. In the absence of a proper predicate having been laid showing that the adoptive instrument had in fact been executed but had been lost or destroyed, secondary evidence showing only declarations of the alleged adoptors would not in our opinion constitute evidence of sufficient probative force to show the execution and acknowledgement of an instrument of adoption. Allee v. Vaden, (Tex.Civ.App.) 112 S.W.2d 237; Aman v. Cox, (Tex.Civ.App.) 164 S.W.2d 744. We hold, therefore, that there is no evidence in the record to support the jury's finding of statutory adoption.

There being no evidence of adoption, it follows that appellee acquired no interest in the title by inheritance, either from Ludie Lewis or Tom Lewis.

We turn now to the question of whether or not there is any evidence of probative force to support the finding that Tom Lewis and appellee held exclusive, continuous, adverse possession of the land in question so as to comply with the ten-year statute of limitations.

As stated before, the evidence shows that subsequent to the time Tom Lewis conveyed the legal title of the land to Edd Lewis in 1940, both he and Marcella continued to occupy the premises until his death in 1957.

■ The general rule is that where possession by grantor is continued after a deed, the grantor holds possession as a tenant-at-will of the grantee. W. T. Carter & Bro. v. Holmes, 131 Tex. 365, 113 S.W.2d 1225. His possession is subservient to the title which he conveys. Consequently, he cannot assert an adverse claim against his grantee and commence the statute of limitations unless he gives notice that he has ceased to hold the land in subservience to the title of his grantee. Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65; American Nat. Bank of Beaumont v. Wingate, (Tex. Civ.App.) 266 S.W.2d 934 (citing cases).

The rule is thus stated in Davis v. Lund, (Tex.Com.App.) 41 S.W.2d 57, and repeated in Killough v. Hinds, 161 Tex. 178, 338 S.W.2d 707:

"When A enters upon the land in recognition of the title of B, in order for A to prevail under the 10-year statute of limitations three things must be established, (1) there must be a repudiation of the relationship thus established and claim of title adversely to that of B; (2) this repudiation and adverse claim must be clearly brought home to B as limitation will only begin to run from that date; (3) there must be adverse possession for 10 years after notice of repudiation and adverse claim has been brought home to B."

As we view the record, there is no evidence showing that Tom Lewis repudiated the title and asserted an adverse claim. Nor have we been able to find any evidence that Tom Lewis ever did or said anything that would put his grantees on notice that he was claiming adversely. His subsequent use of the property was the same as that before his conveyance. The mere fact that he continued in possession, using and occupying the premises as his home, was not within itself inconsistent and hostile to the title of his grantees and would not, as a matter of law, be sufficient to amount to a repudiation of the title. Consequently, at all times subsequent to his conveyance, Tom Lewis occupied the premises as a tenant-at-will of his grantees. Thus, until the death of Tom Lewis, the owners of

the record title remained in possession through their tenant. Therefore, during this period of time, appellee occupied the status of an adverse claimant jointly in possession with the owner.

■ It is well settled that to be effective as a means of acquiring title, the possession of an adverse claimant must be exclusive of the true owner. Any sort of joint or common possession by a claimant and the owner or a tenant of the owner prevents the claimant from having the requisite quality of exclusiveness. In these circumstances, the law considers the one who has title as in possession. 2 C.J.S. Adverse Possession § 48, page 566; Rick v. Grubbs, 147 Tex. 267, 214 S.W.2d 925; Southwestern Lumber Co. of New Jersey v. Allison, (Tex.Com.App.) 276 S.W. 418; Wicks v. Langford, (Tex.Civ.App.) 320 S.W.2d 707; Solis v. La Brisa Land and Cattle Company, (Tex.Civ.App.) 361 S.W.2d 631.

■ Appellee failed to carry the burden of proof showing exclusive possession for any ten-year period of time prior to the death of Tom Lewis in 1957. On the contrary, the evidence shows that the owners' tenant, Tom Lewis, was in possession. As a consequence, neither appellee nor appellee and Tom Lewis jointly, perfected any title under the ten-year statute prior to the death of Tom Lewis.

Although appellee continued in possession after the death of Tom Lewis in 1957 until the time she alleges she was ousted on November 1, 1961, her adverse possession for such period of time would obviously not be sufficient to meet the requirements of the ten-year statute of limitations.

As we view the record, appellee failed to establish either record title or limitation title to the premises in question. Accordingly, that portion of the judgment granting appellee title and possession of Lot (3) in Block (1) of the Cappony Addition to the City of Crockett is reversed and judgment is hereby rendered for the appellants, Rubie Petty, Administratrix of the Estate of Earle P. Adams, and Willie Mae Hazlett, Administratrix of the Estate of Walter E. Hazlett, together with all costs. In all other respects, the judgment is affirmed.

Affirmed in part and reversed and rendered in part.