ACCEPTED
12-14-00260-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/9/2015 1:14:44 PM
CATHY LUSK
CLERK

In The
Court of Appeals
For The
Twelfth District of Texas

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

2/9/2015 1:14:44 PM

CATHY S. LUSK
Clerk

NO. 12-14-00260-CV

Nac Tex Hotel Co., Inc., *Appellant-Plaintiff*

v.

Stephen Greak, Dee Winston, and E&G Investments, *Appellees-Defendants*

On Appeal from the 159th District Court
Angelina County, Texas
Trial Court Cause No. CV-01824-12-10

## APPELLANT'S REPLY BRIEF

Donald H. Grissom
don@gandtlaw.com
State Bar No. 08511550
509 West 12th Street
Austin, Texas 78701
(512) 478-4059
(512) 482-8410 fax

ATTORNEY FOR APPELLANT

ORAL ARGUMENT REQUESTED

i

## IDENTITY OF PARTIES AND COUNSEL

### APPELLANT

Nac Tex Hotel Co., Inc.

### COUNSEL FOR APPELLANTS

Grissom & Thompson, LLP
Donald H. Grissom
don@gandtlaw.com
State Bar No. 08511550
509 West 12th Street
Austin, Texas 78701

### APPELLEES

Dee Winston, Stephen Greak, and E&G Investments

### COUNSEL FOR APPELLEES

Jimmy A. Cassels
117 E. Lufkin Avenue
Lufkin, Texas 75901
(936) 634-8466
(936) 639-1939 fax

# TABLE OF CONTENTS

Identity of Parties and Counsel ..................................................................ii

Table of Contents……………………………………………… ……...iii

Table of Authorities ...............................................................................iv

Argument ................................................................................................3

    A. Plaintiff's possession was exclusive and hostile for a period exceeding ten years and twenty-five years ......................................................3

    B. Plaintiff's presented evidence of intent to claim the Property....5

    C. Plaintiff believed it paid the taxes on the Property......................7

    D. Plaintiff did not file the lawsuit in bad faith...............................8

    E. Attorney's Fees .........................................................................8

Conclusion .............................................................................................9

Prayer .....................................................................................................9

Certificate of Service ...........................................................................10

Certificate of Compliance .....................................................................10

# TABLE OF AUTHORITIES

## Cases

*Brooks v. Jones,* 578 S.W.2d 669, 673 (Tex. 1979); ................................................ 3

*Butler v. Hanson,* 455 S.W.2d 942 (Tex. 1970). .................................................. 7

*Calfee v. Duke*, 544 S.W.2d 640 (Tex. 1976).......................................................... 5

*Davis v. Carriker,* 536 S.W.2d 246, 250 (Tex. Civ. App.—Amarillo 1976, writ ref'd n.r.e.) ........................................................................................................ 3

*King v. Inwood N. Assocs.,* 563 S.W.2d 309, 312 (Tex. App.—Houston [1st Dist.] 1978, no writ).................................................................................................... 5

*Southwestern Lumber Co. of New Jersey v. Allison,* 276 S.W. 418 (Tex. Comm'n App. 1925, holding approved). ................................................................... 4

*Tran v. Macha,* 213 S.W.3d 913, 915 (Tex. 2006)................................................... 6

*W.T. Carter & Bro. v. Holmes,* 131 Tex. 365, 113 S.W.2d 1225 (1938) ................. 4

## Rules

Civ. Prac. & Rem. Code §16.034(c) .......................................................................... 8

## Secondary Sources

Black's Law Dictionary, (9th ed. 2009) ..................................................................... 8

NO. 12-14-00260-CV

Nac Tex Hotel Co., Inc., *Appellant-Plaintiff*

v.

Stephen Greak, Dee Winston, and E&G Investments, *Appellees-Defendants*

On Appeal from the 159th District Court
Angelina County, Texas
Trial Court Cause No. CV-01824-12-10

## APPELLANT'S REPLY BRIEF

TO THE HONORABLE COURT:

Appellant, Nac Tex Hotel Co., Inc., respectfully submits this reply brief in appeal of the judgment rendered in favor of Appellees, Dee Winston, Stephen Greak, and E&G Investments. For clarity, reference to the Appellant will be made by the name of "Plaintiff" and reference to the Appellees will be made by the name of "Defendants".

This action is one for Trespass to Try Title under Chapter 22 of the Texas Property Code and Rule 783 et seq. of the Texas Rules of Civil Procedure

involving a piece of property (the "Property")(.054 acres/2,352 sq.ft.) bordering

Plaintiff's property (CR 21).



(CR 147)

Plaintiff, Nac Tex Hotel Co., Inc. filed suit to try title and for injunction on

October 22, 2012 (CR 14). After a jury trial on the merits on June 3, 2014, the

Court submitted the case to the jury. The jury found that Plaintiff did not adversely

possess the property for a period of ten (10) or twenty-five (25) years, the Plaintiff

filed the suit in bad faith, and the Defendants should be awarded attorney's fees

(CR 62). The Court signed a judgment for Defendants on June 23, 2014 (CR 79).

Plaintiff now appeals from that judgment.

## **ARGUMENT**

### *A. Plaintiff's possession was exclusive and hostile for a period exceeding ten years and twenty-five years.*

Plaintiff has asserted that it adversely possessed the Property for a period greater than ten years and greater than twenty-five years through its predecessor in interest, Tem-Kil (Supp. RR Vol. 1 P. 171-174). Tem-Kil was in possession of the property under a lease until 1981, when it purchased the real estate. Lucille DeWitt testified that Tem-Kil bought, "everything but the gas station". (Supp. RR Vol. 1 P. 172, CR 172). From 1981 through 1988, Tem-Kil continuously and openly held the Property in adverse possession. When Plaintiff purchased the real estate where the KFC is located, it continued to hold the Property in adverse possession through 2012 when the underlying suit was filed (Supp. RR. Vol. 1 P. 55, 65-66, 80-81). Limitations ran 25 years from 1981, which would have been 2006. Plaintiff bought the property in 1988 (CR 137) and under the ten-year provisions, limitations would have run in 1998, nine years before Defendants came into the picture.

Defendants' argument that Plaintiff must exclude <u>everybody</u> from the Property is misplaced. Only the <u>record owner </u>must be excluded, in this case, the Defendants' predecessor, T&T Corporation. *See e.g. Davis v. Carriker,* 536 S.W.2d 246, 250 (Tex. Civ. App.—Amarillo 1976, writ ref'd n.r.e.); *Brooks v.*

3

*Jones,* 578 S.W.2d 669, 673 (Tex. 1979); *W.T. Carter & Bro. v. Holmes,* 131 Tex. 365, 113 S.W.2d 1225 (1938); *Southwestern Lumber Co. of New Jersey v. Allison,* 276 S.W. 418 (Tex. Comm'n App. 1925, holding approved).

There was no evidence that any record titleholder or their tenant(s) ever used the Property. Any person who entered on to the Property was an invitee of the Plaintiff; this includes Plaintiff's customers, delivery vehicles, and employees. While Defendants argue that Plaintiff's agent, Deborah Parmalee, stated that the record owner *could* drive around Plaintiff's store (Supp. RR. Vol. 1 P. 143), there was no actual evidence presented that the record owner ever, in over twenty-five years, actually entered onto the Property in question. To the contrary, the testimony of Defendant, Stephen Greak was that he would <u>drive by</u> the Property infrequently, but didn't make a habit of it (Supp. RR Vol 2 P. 70). Defendants' own witness, Tom Darmstadter, the property manager since 1983 for the Property, testified that his inspections of the Property were visual only and he never actually entered the property (Supp. RR Vol. 2 P. 15, 19). Mr. Darmstadter further testified that he had never performed any maintenance on the Property (Supp. RR Vol 2 P. 19). Defendants' second witness, Michael Parker then testified that he was hired by Mr. Darmstadter to survey the Property in 2006 because, "they did not know what they owned," (Supp. RR Vol 2 P. 31). The only known persons to have entered the

disputed tract were Plaintiff's employees, customers and delivery vehicles. Therefore, there can be no argument of any joint use and occupancy.

Neither the evidence nor the law support Defendants' arguments regarding exclusive use of the Property and thus, it must be disregarded.

### B. Plaintiff's presented evidence of intent to claim the Property.

Defendants incorrectly introduce a requisite scienter into the statutory definition of adverse possession although 100% of the evidence supports the notion that Plaintiff intended to claim the disputed Property. The adverse possessor is not required to have knowledge that it is taking the property held by another in order for there to exist adverse possession. *Calfee v. Duke*, 544 S.W.2d 640 (Tex. 1976). Defendants' argue that Deborah Parmalee made a judicial admission that she would never take anything from the prior owner of the Property (Supp. RR Vol 1 P. 136; Brief of Appellees P. 15) and therefore, did not intend to and could not have adversely possessed the Property. However, the case law on this subject makes a clear distinction regarding what type of intent is required. Adverse possession does not need to be an intentional act, so long as it is "visible, open, and notorious," *Id.* at 642*,* holding that even though the adverse claimant had no knowledge that there were other claimants for the land, the claim for adverse possession was not defeated, and "hostile" use did not require an intention to remove the legal owner or even know that one exists. In consensus with the *Calfee* cas*e, King v. Inwood N.*

*Assocs.,* 563 S.W.2d 309, 312 (Tex. App.—Houston [1ˢᵗ Dist.] 1978, no writ) noted that a claim for adverse possession was not defeated by the adverse claimant's inaccurate belief that it owned the land. The only intent that is required is the intent to claim the land, not intent to take the land belonging to another.

Since 1981, Plaintiff's predecessor in title, Tem-Kil, intended to use, maintain, improve, and claim the Property. Tem-Kil's customer's used it for ingress and egress, and KFC trucks used it for making deliveries (Supp. RR Vol. 1 P. 182, App. 5, 6, 8, 9, 10). Tem-Kil paved the Property with asphalt and constructed a concrete bridge across the creek at the back of the Property (Supp. RR Vol. 1 P. 52, 117-118, 172, 182, 191-200, CR 155, 157) that allowed access from the street located behind the KFC. The bridge spanned from the .411-acre tract onto the Property. "[B]uilding a structure on the property may be sufficient evidence of adverse possession." *Tran v. Macha,* 213 S.W.3d 913, 915 (Tex. 2006). Tem-Kil landscaped the property with shrubs and trees (Supp. RR Vol. 1 P. 76, 173, App. 9) and maintained the landscaping along with keeping the Property clear of trash and debris (Supp. RR Vol. 1 P. 174, CR 111, 159-220).

When Plaintiff acquired the Property, it had every intention to claim the disputed tract where Plaintiff and its predecessor in title had made improvements. Plaintiff's representative, Deborah Parmalee, testified multiple times that she claimed that disputed Property because her dad built the bridge (Supp. RR Vol. 1 P.

6

52); the bridge on the disputed Property belonged to her company and always has (Supp. RR Vol. 1 P. 117, 144 173-174); she believed the tract was included in her deed (Supp. RR Vol. 1 P. 84, 129); she believed she was paying taxes on the property (Supp. RR Vol. 1 P. 84); she still believes her company is the rightful owner of the Property (Supp. RR Vol. 1 P. 126, 129); it would hurt the business if the Property in controversy was not claimed and used (Supp. RR Vol. 1 P. 94-101, 118) and the property was improved for the benefit of the Plaintiff and its customers (Supp. RR Vol. 1. P. 118). The Plaintiff's mistaken belief regarding the ownership of the Property does not defeat its adverse claim because it presented evidence of its intent to claim the Property and it openly possessed and used the Property. *Butler v. Hanson,* 455 S.W.2d 942 (Tex. 1970). Further, for over twenty-five years (and certainly over ten years), no record titleholder disputed this claim and wrongful belief.

### C. Plaintiff believed it paid the taxes on the Property.

As stated above, Deborah Parmalee testified that she believed the tract was included in her deed (Supp. RR Vol. 1 P. 84, 129) and that she was paying taxes on the property (Supp. RR Vol. 1 P. 84). The fact that Plaintiff was not actually paying taxes on this portion is not evidence of its lack of intent to claim the Property through adverse possession and is not a necessary element of the ten or twenty-five year statutes.

### D. *Plaintiff did not file the lawsuit in bad faith.*

Bad faith is dishonesty of belief or purpose. Black's Law Dictionary, (9th ed. 2009). The term "bad faith" is not merely bad judgment or carelessness, but rather it suggests the cognizant undertaking of a wrong because of a dishonest purpose. As stated above, the Plaintiff mistakenly believed that it owned the Property (Supp. RR Vol. 1 P. 84, 126, 129), however, all the parties involved were operating under mistaken beliefs in regards to their property boundaries. (Supp. RR Vol. 1 P. 174, 198, 200, Supp. RR Vol. 2 P. 31, 52, 56-57). Defendants admitted that they did not know what they owned either. (Supp. RR Vol. 1 P. 89).

### E. *Attorney's Fees*

The award of attorney fees is governed by §16.034 of the Civil Practices and Remedies Code Section16.034(c) specifies that not only must notice be given, but also that a claim be filed. No evidence was presented that Defendants filed a claim seeking possession. While the Defendants believe that they should not be compelled to file a counterclaim, they acknowledge by their own demand letter that if, "[Defendant] files a claim seeking possession, the Court may enter a Judgment against [Plaintiff] for costs and attorney fees…" (CR 119). Consequently, Defendants failed to meet the statutory requirements for an award of attorney fees.

## CONCLUSION

Plaintiff presented uncontroverted evidence of each and every element of both the ten-year statute and twenty-five year statute for vesting title to real property through adverse possession. Plaintiff mistakenly believed it was the record owner of the Property and took action to claim, maintain, defend and improve the Property based on that mistaken belief. There is no evidence that the Plaintiff filed the lawsuit in bad faith and Defendants failed to meet the statutory requirements for an award of attorney fees.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, for these reasons, and in the interest of justice and fairness, Plaintiff asks the Court to reverse the Jury's Findings and render judgment for Plaintiff, Nac Tex Hotel Co., Inc.

Dated, this the 9th day of February 2015.

Respectfully submitted,

/s/ Donald H. Grissom
**Donald H. Grissom**
GRISSOM & THOMPSON, LLP
TX State Bar No. 08511550
don@gandtlaw.com
William W. Thompson, III
TX State Bar No. 19960050
bill@gandtlaw.com
509 West 12th Street
Austin, Texas 78701
512/478-4059
512/482-8410 Fax

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in compliance with Texas Rules of Appellate Procedure, via facsimile, electronic case filing, or certified mail return receipt requested, on February 9, 2015.

/s/DonaldHGrissom
Donald H. Grissom

## CERTIFICATE OF COMPLIANCE

I hereby certify on this date that the foregoing document contains 2,300 words.

/s/DonaldHGrissom
Donald H. Grissom